NEW AMSTERDAM CASUALTY COMPANY, Appellant, vs. SIMPSON and others, Respondents.

*September 12—October 7, 1941.*

552

For the appellant there were briefs by *Hale & Skemp* of La Crosse, and oral argument by *Quincy H. Hale.*

For the respondents there was a brief by *Gordon, Law, Brody & Johns* of La Crosse, and oral argument by *Lawrence J. Brody.*

WICKHEM, J. This appeal seeks to raise a question that has aroused a vigorous controversy and resulted in a contrariety of judicial opinion. For a review of cases see 123

A. L. R. 285.   Plaintiff has issued to insured a liability policy by the terms of which it undertakes to defend suits against the insured for damages arising out of the operation of an automobile owned by the insured, and to insure the latter against loss by reason of the liability imposed by law upon insured for damages on account of damage, injuries, or death sustained as a result of its operation.   Coverage is excluded where without plaintiff's consent the automobile has been sold by the insured.   Plaintiff claims that in this case the automobile was sold by insured and that the tort-feasor is consequently not protected by the policy.   The accident has occurred.   Suit is threatened, not only against the tort-feasor but against plaintiff.   The facts which make or break its liability have all occurred.   On the basis of these past events the company is either obliged to investigate and defend the threatened actions, or it is not.   It is either liable for the amount of the judgments against Wargus, or it is not, on the basis of facts already in existence.   Plaintiff claims that it has a legal interest to defend and that it will sustain serious prejudice if a declaration is not made as to its liability under the policy because it will either have to defend the suit on behalf of the insured or take chances that the insured will either not defend or will conduct an indifferent and ineffective defense.   Plaintiff particularly relies upon those subsections, (2) and (3), of sec. 269.56, Stats. (constituting the Uniform Declaratory Judgments Act) which in substance provide that a person interested under a written contract or whose legal relations are affected thereby may have the contract construed and obtain a declaration thereof either before or after there has been a breach.   Plaintiff contends that the situation as disclosed by the allegations of its complaint is plainly within the calls of the statute and a typical one for declaratory relief.   It is further contended that sub. (12) of sec. 269.56, which declares the section to be remedial and its purpose to relieve from uncertainty and insecurity with respect to legal relations and directs that it be

liberally construed and administered, settles the point. There is much to be said and much has been said by courts and writers in support of the general proposition that at least where the negligence action is not pending a liability insurance company is entitled to have a declaration as to its liability upon the policy. See cases collected in 123 A. L. R. 285. See also Borchard, Declaratory Judgments (2d ed.), p. 645. It will be noted, however, that in these cases liability under the policy and liability for negligence were separate transactions, and that the company was not a proper party to the negligence action or at most made so by statute for reasons of procedural convenience. Most states permit insurance companies to write ordinary policies of indemnity or liability. In the former, the insurer sustains no liability until the insured has discharged the judgment and its liability is solely to the insured. In the latter, the liability of the insurer accrues upon a judgment entered against the insured, and here again the liability is solely to the insured and the injured party proceeds by garnishment in aid of execution to reach the policy as an asset of the tort-feasor. In all of these cases the uncertainty relates to the covenant to defend and the parties to the uncertainty are the insurer and insured. It relieves insurer from a serious dilemma to determine in advance its obligation to defend, and it is in the interest of the injured party to discover before the issues of the negligence action are litigated whether there will be available as an asset of the tort-feasor the proceeds of the insurance policy. This is not true in Wisconsin. Under sec. 85.93, Stats., the insurance company is made directly liable to the injured party. Under sec. 260.11 it is provided that the plaintiff may join an insurance company in any action brought on account of any claim against the insured. In *Elliott v. Indemnity Ins. Co.* 201 Wis. 445, 230 N. W. 87, it was held that under an automobile policy which incorporated the provisions of sec. 85.93 insured was not even a necessary party to an action for damages for the negligent operation of

the automobile brought directly against the insurer. Thus, plaintiff under the rule in Wisconsin is directly liable to the injured party if its policy applies. When sued by the injured party it has not only the defense that the insured was not negligent but the defense that the policy did not cover the driver of the car. It is to be emphasized that the latter is not merely a defense against any claims of the insured but a separate and distinct plea in bar to a separate and distinct cause of action asserted by the injured party. Hence, the injured party with a cause of action directly against the insurer is in a real, as well as a technical sense, the principal adversary of the insurance company upon this issue. This makes the situation quite different from the case of the ordinary indemnity or liability policy where the injured party merely resorts to the policy as an asset of the insured. What plaintiff is proposing to do here is to isolate one defense against an injured plaintiff and to try it in advance, leaving undisposed of the issues involving the tort-feasor's negligence. It is plain from the face of the complaint that a declaration upon this issue would not necessarily terminate the controversy between the insurer and the injured persons. On the contrary, it could easily do what declaratory judgments are designed to avoid: Result in separate trials between the same parties of issues bearing upon the same cause of action and a long delay before the merits of a claim for personal injury could be examined and fully disposed of by a court. This would contravene the legislative policy heretofore declared by secs. 85.93 and 260.11 which permit the injured party to sue insurer directly and to have all issues determined in a single action. Plaintiff strongly relies upon the recent case of *Maryland Casualty Co. v. Pacific Coal & Oil Co.* 312 U. S. 270, 61 Sup. Ct. 510, 85 L. Ed. 826. In that case the insurer sought in federal court a declaration as to coverage against the insured and the injured party. The latter demurred, contending that plaintiff had no controversy with him. Under the laws of Ohio, where a suit was

pending against insured for personal injuries, the injured party, unless a judgment in his favor is discharged within thirty days after rendition, is permitted to proceed against insurer by "supplementary process and action." Upon these facts the supreme court held that a controversy existed between plaintiff and injured party and that unless a declaration binding upon the injured person is made as to this controversy, a conflicting decision in the state court might render the declaration in the federal court futile. This case does not conflict with our conclusions here. We hold that there is a controversy here between plaintiff and defendant but that since our statutes permit a direct action against plaintiff, this question is simply one of the issues in such an action and should not be tried separately. In the *Maryland Casualty Co. Case, supra,* the issue of coverage was evidently not in the personal injury case since the supreme court in referring to the probability of a conflict says that the state court in supplementary proceedings might find coverage. Hence, the declaration did not result in compelling the injured party to litigate separately issues that otherwise would be settled in a single action. It may be added that under the situation as it exists in Wisconsin the defendant has no dilemma whether to defend insured under its covenants. It must in its own interest defend itself against a cause of action asserted against it by the injured party. That plaintiff does not waive its defenses by defending the action is held by *Hickey v. Wisconsin Mut. Ins. Co., ante,* p. 433, 300 N. W. 364.

Sec. 269.56 (12), Stats., provides:

"(12) *Construction.* This section is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered."

It is plain under this subsection that there should be no declaration in this case since the uncertainty would not neces-

sarily be terminated or the controversy between plaintiff and the injured party settled. While this subsection is cast in terms of judicial discretion and we have heretofore in *Miller v. Currie,* 208 Wis. 199, 242 N. W. 570, held that such a discretion is not properly exercised upon a demurrer we deem the error, if any, to be nonprejudicial, since it appears from the allegations of the complaint and facts of which the court takes judicial notice that it would have been an abuse of discretion to enter a declaratory judgment. Since plaintiff was not entitled to a déclaration it follows that the temporary injunction was properly dissolved.

In view of our conclusions we deem it unnecessary to consider whether the fact that the personal-injury action including the issue as to coverage has been tried and determined adversely to plaintiff is of any legal materiality or to consider the merits of the judicial controversy which exists as to declarations upon ordinary indemnity or liability policies and we make no determination upon these points.

*By the Court.*—Orders affirmed.