MONROE COUNTY FINANCE COMPANY, Respondent, vs. THOMAS, Appellant.

*September 16—October 12, 1943.*

*Harry T. Jordan* of Hillsboro, for the appellant.

*J. Henry Bennett* and *Olga Bennett,* both of Viroqua, for the respondent.

ROSENBERRY, C. J.   On the 28th day of October, 1942, the plaintiff entered into a contract with the defendant whereby the plaintiff agreed to conduct an auction on the defendant's farm on the 7th day of November, 1942.   By the terms of the contract the plaintiff was, (1) to provide the party of the second part with two hundred fifty sale bills and newspaper and radio advertisement as therein specified; (2) to pay all charges of the auctioneer, who was to be selected by the party of the second part; (3) to provide a competent clerk for said sale without charge to the party of the second part; (4) the defendant was to pay the party of the first part seven per cent of the total amount of the sale if the gross amount exceeded $1,000.

Later by stipulation the total amount of the sale was fixed at $4,803.42, seven per cent of that amount being $336.24.

There was an affidavit by the attorney for the plaintiff in support of the motion for summary judgment. The defendant answered and also filed an affidavit in opposition to the plaintiff's motion for summary judgment. Upon a hearing the court entered judgment for the stipulated amount from which the defendant appeals.

The facts in this case are practically undisputed. The controversy arises over the inferences and conclusions which should be drawn therefrom. The contract was entered into on October 28, 1942. It appears from the answer that the defendant at some time prior to the 28th day of October had entered into a contract with the Thorp Finance Corporation to advertise and conduct a sale of his personal property; that he sought to be released therefrom; that the Thorp Finance Corporation refused to release him, and that on the 30th day of October, 1942, the defendant notified the plaintiff that he would not permit the plaintiff to conduct the sale.

It further appears that the plaintiff on the 7th day of November went to the defendant's farm prepared to conduct the sale. The defendant refused to let the plaintiff conduct the sale and the sale was in fact conducted by the Thorp Finance Company.

The defendant contends that the affidavit upon which the motion for summary judgment was based was improperly received because made by the attorneys for the plaintiff instead of by the plaintiff. The plaintiff in this case is a corporation. From this fact it follows that the affidavit must necessarily be made by someone in its behalf. While it is true that the affidavit contains no statement that the plaintiff had personal knowledge of the facts, it is apparent from the nature of the facts stated that the facts were not within the knowledge of any one person. However, that may be, there is no substantial conflict as to the facts of the case. The complaint was veri-

fied by an officer of the corporation, no defense to the action was set up in the answer, and the plaintiff would be entitled to judgment if no supporting affidavit had been filed. The affidavit would be in better legal form if it had contained an allegation that the facts were within the knowledge of the affiant.

The defendant sought to defend the action on the ground that plaintiff fraudulently induced the defendant to enter into the contract sued upon by representing to the defendant that the fact that the defendant had previously entered into a contract with the Thorp Finance Corporation made no difference and that defendant could still enter into a contract with the plaintiff. If the plaintiff so stated, which fact is denied, it did not constitute a false representation of an existing fact. It must have been manifest to the defendant that he was bound by the first contract because from his affidavit it appears that he immediately sought to be released from the Thorp Finance Corporation contract. It is quite apparent that what moved the defendant to sign the contract sued upon was the fact that plaintiff offered to perform the service for seven per cent of the gross proceeds instead of eight per cent, which was the fee charged by the Thorp Finance Corporation. Independently of the summary-judgment statute, sec. 270.635, the plaintiff was entitled to judgment upon the pleadings for the reason that the answer stated no defense.

It is clear that the plaintiff is entitled to recover in this action and the trial court correctly so held. For the first time the defendant sought in this court to raise the question of mitigation of damages. The defendant neither pleaded nor proved anything in mitigation of damages. The general rule as stated in the Restatement, Contracts, sec. 336, is as follows:

"Damages are not recoverable for harm that the plaintiff should have foreseen and could have avoided by reasonable effort without undue risk, expense, or humiliation."

This is the rule in Wisconsin. *Winkler v. Racine Wagon & Carriage Co.* (1898) 99 Wis. 184, 74 N. W. 793.

The defendant having neither pleaded nor proved anything by way of mitigation of damages in the trial court, that question is not before this court. *Waite v. Anderson* (1913), 152 Wis. 206, 139 N. W. 738. See note, Presumption and burden of proof regarding mitigation of damages, 134 A. L. R. 242.

It is well established in this state that questions not presented in the trial court cannot be considered on appeal in this court. *Bogert v. Phelps* (1861), 14 Wis. *88; *Herro v. Heating & Plumbing F. Corp.* (1931) 206 Wis. 256, 239 N.W. 413.

*By the Court.*—Judgment affirmed.