Edwin B. SEWARD

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY.

No. 65–298–Civ.

United States District Court
S. D. Florida.

Feb. 18, 1966.

On Motion for Summary Judgment
June 9, 1966.

Final Judgment Dec. 5, 1966.

W. C. Owen, Jr., of Miller, Cone, Owen, Wagner & Nugent, West Palm Beach, Fla., for plaintiff.

Richard J. Thornton, of Walton, Lantaff, Schroeder, Carson & Wahl, of Miami, Fla., for defendant.

## ORDER

FULTON, Chief Judge.

This cause came on before the Court for a Pretrial Conference. Plaintiff's Motion for Summary Judgment as to Counts one and two of the Complaint was heard at the Pretrial Conference upon stipulation of counsel.

The facts of this case can be summarized briefly. Edwin B. Seward was the named insured under a policy of automobile insurance issued by the defendant, State Farm Mutual Automobile Insurance Company [State Farm]. On September 28, 1962, with said policy in full force and effect, plaintiff and Robert E. Lackey were riding on the Florida Turnpike in plaintiff's automobile. Seward's automobile collided with another vehicle and Lackey died as a result of the accident. Seward and Lackey were both employees of the Turnpike Authority and were acting in the course of their employment when the accident occurred.

On November 5, 1962, Lackey's widow filed suit against Seward in the Circuit Court in and for Palm Beach County to recover for the wrongful death of her husband. Seward promptly transmitted the suit papers to State Farm for the purpose of having State Farm defend said suit. On or before November 30, 1962 State Farm notified Seward that he was

not entitled to coverage under the policy and that State Farm would not defend the action. On December 3, 1962, a default judgment was entered against Seward for his failure to defend. On or about that date Seward engaged a lawyer to defend him. Some fourteen months later, on February 11, 1964, the case was tried upon the issue of damages wherein Mrs. Lackey obtained a final judgment of $57,000 plus costs of $19.70.

It has been stipulated that at no time was any offer of settlement ever made by or between the parties.

On March 15, 1965, Seward instituted suit against State Farm in the Circuit Court, in and for Palm Beach County, to recover the amount of the judgment awarded against him, interest thereon and for attorney's fees; in addition, he sought punitive damages. Subsequently, the action was removed to this Court.

The Court has carefully studied the record in this cause and concludes as follows:

COVERAGE

1. The DEFINITIONS section of the policy in question provides in part that an INSURED includes

"(4) * * * any * * * organization legally responsible for the use [of the automobile] by an insured * * *."

The Florida Turnpike Authority, Seward's employer, is clearly an INSURED by virtue of said definition.

2. Clause (f) of the EXCEPTIONS to coverage, invoked by State Farm to deny coverage to Seward, reads as follows:

"This insurance does not apply under:

*     *     *     *     *     *

(f) coverage A, to bodily injury of any employee of the insured arising out of and in the course of the insured's employment * * *."

The inapplicability of the above clause is brought into sharp focus when the word INSURED is stricken, as it appears both times in said clause, and first the word SEWARD is inserted and then the word TURNPIKE is inserted.

(a) When SEWARD, the named insured, is inserted in place of the word INSURED, clause (f) reads as follows:

"(f) coverage A, to bodily injury of any employee of SEWARD arising out of and in the course of SEWARD's employment * * *."

It is stipulated that Lackey was not the employee of Seward; both were in fact employees of the Turnpike Authority. If the word INSURED referred to Seward, clause (f) would be therefore inapplicable.

(b) When the word TURNPIKE, an insured under the policy, is inserted in place of the word INSURED each time, clause (f) appears as follows:

"(f) coverage A, to bodily injury of any employee of the TURNPIKE arising out of and in the course of the TURNPIKE's employment."

The accident involving Seward's automobile could not have occurred in the course of the TURNPIKE's employment because the Turnpike is only an employer, not an employee. Therefore when TURNPIKE is inserted in place of INSURED each time, it again readily appears that clause (f) has no application in this matter.

■ This analysis makes it crystal clear that State Farm acted without justification in denying coverage to Seward and that it acted wrongfully in refusing to defend the action brought against him by Mrs. Lackey.

MEASURE OF RECOVERY

State Farm's liability for the face amount of the policy is clear. See Comunale v. Traders & General Insurance Company, 50 Cal.2d 654, 328 P.2d 198, 68 A. L.R.2d 883 (1958).

■■ The issue as to State Farm's liability for the excess over the policy limits is more difficult. Although the language employed by some courts and by some commentators may indicate that an insurance company acts at its peril when it wrongfully abandons its insured,

such "peril" is limited to paying the face amount of the policy plus interest and attorney's fees, unless the insurance company has wrongfully refused to settle within the limits of the policy. In the latter case the company may be liable for whatever judgment was rendered against the insured, including the excess over the policy limits. Compare 7A Appleman on Insurance § 4689 and cases cited at p. 490, with 49 A.L.R.2d 694, at p. 720.

American Fidelity Fire Insurance Co. v. Johnson, 177 So.2d 679 (Fla.App. 1965), relied upon by plaintiff, involved a settlement offer made to the insured but never communicated to the insurance company. Prior to the settlement offer the insurance company, without justification, notified the insured that he was not covered by the policy issued to him by the company. A judgment in excess of the policy limits was rendered against the policy holder. The Court held the insurance company liable to the plaintiff for the full amount of the judgment including that portion of the judgment which exceeded the policy limits. From the record in this case, it affirmatively appears that no settlement offer had ever been made during the pendency of the State court action. American Fidelity Fire Insurance Co. is thus distinguishable from the present case and is not controlling.

The rejection by State Farm of its contractual duty to defend Seward and its shocking disregard of its obligations under the very policy that it meticulously drafted, regretfully, does not provide a basis upon which this Court can hold it liable for more than the limits of the insurance contract.

Therefore it is

Ordered and adjudged that plaintiff's Motion for Summary Judgment on Counts one and two be and the same is hereby granted. Plaintiff shall be awarded the sum of $10,000 plus interest at the rate of six per cent on the total sum awarded in the State court action. Said interest is to be computed from the date of entry of the State court judgment. The Court shall further award to plaintiff reasona-ble attorney's fees in such amount as the Court determines to be proper. Counsel shall forthwith submit to the Court affidavits showing the time spent in the preparation and handling of this case.

This Court reserves jurisdiction to hereafter enter a Final Summary on counts one and two of the Complaint.

Counsel are requested to confer with each other promptly and to report back to the Court by joint letter within ten days of the date of the Order, what progress has been made in the disposition of counts three and four of the Complaint.

### ORDER on Defendant's Motion for Summary Judgment

This cause came on for hearing on the Defendant's Motion for Summary Judgment as to Counts III and IV of the Complaint. By Order of this Court dated February 18, 1966, Summary Judgment was awarded to Seward on Counts I and II of the Complaint wherein he sought to recover for the Defendant's breach of contract. Recovery was limited to the face amount of the policy plus interest and attorney's fees. Count III involves a claim for damages proximately resulting from the alleged negligence of the Defendant in failing to timely notify Seward of its decision to deny him coverage. Count IV involves a claim for punitive damages based on the Defendant's alleged wrongful and malicious conduct in denying to Seward policy coverage.

The record in this case clearly raises genuine issues of material facts sufficient to withstand the entry of a Summary Judgment on Count III. However, the record in this case affirmatively demonstrates that there is no basis upon which Seward would be entitled to a favorable judgment on his claim for punitive damages.

Therefore, It is ordered and adjudged that the Defendant's Motion for Summary Judgment as to Count III be and the same is hereby denied and Defendant's Motion for Summary Judgment as to Count IV be and the same is hereby granted.

## FINAL JUDGMENT

This cause came on to be heard on application of parties for entry of final judgment; the complaint in this case consisted of four (4) separate counts, numbered I through IV; COUNTS I and II heretofore were considered by this Court on plaintiff's motion for summary judgment as to such counts resulting in the Court entering its order under date of February 18, 1966, granting such motion; COUNT III came on for trial before the Court and a jury on October 31, 1966, wherein the Court did on November 2, 1966, grant the defendant's motion for a directed verdict in favor of the defendant; COUNT IV of the complaint was heretofore considered by the Court on the defendant's motion for summary judgment wherein this Court did on June 8, 1966, enter its order granting said motion. It therefore appears that the plaintiff is entitled to judgment in his favor as to Counts I and II of the complaint and the defendant is entitled to judgment in its favor as to COUNTS III and IV thereof.

In the Court's order of February 18, 1966, granting plaintiff's motion for summary judgment as to COUNTS I and II of the complaint, the Court limited the award to the plaintiff to the face amount of the insurance policy involved, to-wit: $10,000.00, plus interest, at the rate of 6% per annum on the judgment of $57,000.00 lodged against the plaintiff, Seward, in the prior State Court action, said interest to be computed from the date of entry of the State Court judgment, to-wit: February 17, 1964, until the company has paid or tendered such part of such judgment as does not exceed the limit of the company's liability thereon; the Court's order of February 18, 1966, provided for an award to plaintiff of reasonable attorneys' fees in such amount as the Court determines to be proper; the parties have heretofore filed with the Court a stipulation concerning the amount of attorneys' fees, which stipulation the Court does hereby approve and pursuant thereto finds that the sum of $5,000.00 is proper to be awarded to the plaintiff as attorneys' fees; the cost awarded against the plaintiff, Seward, in the State Court action were $19.70; the Court being advised in the premises, it is thereupon

Ordered and adjudged that final judgment be and the same is hereby entered in favor of the plaintiff, EDWIN B. SEWARD, against the defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., a corporation, under COUNTS I and II of the complaint herein and that the plaintiff, EDWIN B. SEWARD, do have and recover of and from the defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., a corporation, the sum of $10,000.00, plus $19.70, plus interest at the rate of 6% per annum on the total sum of $57,019.70 (of which the foregoing sums aggregating $10,019.70 are a part), said interest to run from February 17, 1964 until said defendant has paid or tendered all of the foregoing sums, plus the additional sum of $5,000.00 awarded as reasonable attorneys' fees and to be paid by the defendant to MILLER, CONE, OWEN, WAGNER & NUGENT, as plaintiff's attorneys of record; it is further

Ordered and adjudged that final judgment be and the same is hereby entered in favor of the defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., and against the plaintiff, EDWIN B. SEWARD, as to COUNTS III and IV of the complaint herein, and as to said counts of the complaint the plaintiff take nothing and said defendant go hence without day.