Roger A. CROWALL, Plaintiff-Appellant,†

v.

HERITAGE MUTUAL INSURANCE COMPANY, a domestic corporation, Defendant-Respondent,

Vicky L. HARTWIG, Defendant.

Court of Appeals

*No. 83–896. Submitted on briefs December 20, 1983.—
Decided February 22, 1984.*
(Also reported in 346 N.W.2d 327.)

† Petition to review denied.

For the plaintiff-appellant, the cause was submitted on the brief of *Michael F. Hupy* of *Hausmann, McNally & Hupy, S.C.* of Milwaukee.

For the defendant-respondent, the cause was submitted on the brief of *Alice M. Shuman* of *Albert, Jude & Van Remmen, S.C.* of Racine.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   Roger A. Crowall appeals from a trial court order granting Heritage Mutual Insurance Company's motion to dismiss his action upon the merits and with prejudice.  In dismissing, the trial court applied the doctrines of res judicata and collateral estoppel and found that the only issue in the action had already been resolved against Crowall in a prior criminal proceeding.[1]  The

---

[1] The doctrines of collateral estoppel and res judicata have been used interchangeably by the litigants.  Courts in the past have often contributed to the confusion between these two doctrines.

issue before us on appeal is whether collateral estoppel can be applied when there is no mutuality of parties between the party asserting collateral estoppel and the party against whom it is asserted. We hold that lack of mutuality of parties does not preclude the use of collateral estoppel when it is asserted defensively to prevent a party for relitigating an issue which has been conclusively resolved against that party in a prior case.

A secondary issue on appeal is whether a criminal conviction can ever serve as a bar in a subsequent civil proceeding. In the past, lack of mutuality of parties was the basis for not using a criminal judgment as a bar in the subsequent proceeding on the same issues. Because our holding rejects the mutuality of parties requirement, we hold that a fully litigated criminal conviction can now be used for collateral estoppel purposes.[2]

On April 19, 1981, Crowall and Vicky L. Hartwig were in Crowall's vehicle when it rolled over in a one-car accident. Crowall was injured. Despite Crowall's assertion that Hartwig was driving the vehicle, a jury convicted

The precise difference between collateral estoppel and res judicata has been detailed in *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326 (1955):

[U]nder the doctrine of res judicata, a judgment "on the merits" in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, such a judgment precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit.

The claim for damages in this suit is a different cause of action from the criminal proceeding against Crowall. However, the ultimate factual issue of who was driving the vehicle is the same. Thus, collateral estoppel is the correct doctrine to consider here.

[2] A plea of guilty or nolo contendere in the criminal suit does not draw any issues into controversy and does not support the use of collateral estoppel. Similarly, an acquittal cannot be asserted as collateral estoppel because it only means that the proof did not overcome all reasonable doubt of guilt.

Crowall of operating a vehicle while under the influence of alcohol, a misdemeanor. Heritage, Crowall's auto liability insurer, refused to pay Crowall's injury claim because its policy does not cover damages to owner-drivers. Crowall filed this action to recover for his injury claim and again asserted that Hartwig was the driver. Heritage moved for dismissal, claiming res judicata applied because Crowall's prior criminal conviction conclusively resolved the issue of who was driving the vehicle. The trial judge agreed and dismissed the action. Crowall appeals from the order dismissing the suit against Heritage.

Crowall argues that Wisconsin's rule of collateral estoppel, which requires mutuality of parties, is not available as a defense in this action because Heritage was not a party or in privity with a party in the first action. The generally stated rule supports this interpretation: "Collateral estoppel precludes relitigation of an issue of ultimate fact previously determined by a valid final judgment in an action *between the same parties." State ex rel. Flowers v. Department of Health & Social Services,* 81 Wis. 2d 376, 387, 260 N.W.2d 727, 734 (1978) (emphasis added).

The modern trend outside of Wisconsin, however, is to allow limited exceptions to the requirement of mutuality of parties. As early as 1942, California abandoned mutuality of estoppel[3] on the ground that "it would be unjust to permit one who has had his day in court to reopen identical issues by merely switching adversaries." *Bernhard v. Bank of America National Trust & Savings Association,* 122 P.2d 892, 895 (Cal. 1942). In the opinion, Justice Traynor stated:

---

[3] Whether the doctrine applied is res judicata or collateral estoppel, the effect of the requirement of mutuality of parties is mutuality of estoppel, *i.e.,* that all parties in the prior action are barred in subsequent actions from relitigating among themselves already resolved issues. Thus, if mutuality of estoppel is abandoned, a mutuality of parties requirement is no longer necessary.

The criteria for determining who may assert a plea of res judicata differ fundamentally from the criteria for determining against whom a plea of res judicata may be asserted. The requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided. He is bound by that litigation only if he has been a party thereto or in privity with a party thereto. There is no compelling reason, however, for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation.

*Id.* at 894 (citations omitted).

In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

*Id.* at 895.

The United States Supreme Court in *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 323–24 (1971), extensively relied on the *Bernhard* reasoning where a nonparty to the previous action defensively asserts estoppel against a party to the previous action. The Seventh Circuit Court also followed this reasoning in a situation involving collateral estoppel. The court held that "in line with the many other courts which have reached the same conclusion, that, at least when used 'defensively,' mutuality of estoppel should not be required." *Federal Savings and Loan Insurance Corp. v. Hogan,* 476 F.2d 1182, 1187 (7th Cir. 1973) (footnote omitted). The same trend is manifested in the state courts. *Blonder* at 326.

In Wisconsin, this exception to the general rule of mutuality of estoppel has not been expressly adopted. How-

ever, it has been implicitly applied. *See Landess v. Schmidt,* 115 Wis. 2d 186, 197–205, 340 N.W.2d 213, 218–22 (Ct. App. 1983). Persuaded by the reasoning of those courts which have adopted the exception, we now expressly hold that the lack of mutuality of estoppel does not preclude the use of collateral estoppel when it is asserted defensively to prevent a party from relitigating an issue which has been conclusively resolved against that party in a prior case. This exception promotes judicial economy and prevents misallocation of resources by foreclosing a second suit to a party who has already had one fair trial on the same issue. *See Blonder* at 328–29.

Crowall next argues that he did not have sufficient incentive to defend his criminal case because it was a misdemeanor case; consequently, he did not fully litigate the issue of who was driving the vehicle. He claims the motive to defend a misdemeanor is minimal or nonexistent because the time, energy and resources necessary to defend are disproportionate to the penalty. Therefore, it would be unfair to give conclusive weight to the jury determination that he was driving the vehicle.[4] Although in other situations this argument may have force, we disagree that it applies in Crowall's case.

Collateral estoppel applies "where the matter raised in the second suit is identical in all respects with that de-

---

[4] Crowall also cites sec. 908.03(22), Stats., for the proposition that because only a felony conviction can be admitted into evidence in subsequent proceedings as an exception to the hearsay rule, then only felony convictions can be used as a bar in subsequent litigation. The hearsay exception is based on the lack of motivation to defend misdemeanors. However, the Wisconsin Judicial Council Committee's Note and the Federal Advisory Committee's Note to the parallel Federal Rule of Evidence 803(.22) make it clear that this evidence rule does not apply in regard to the substantive effect of using a conviction as a bar or collateral estoppel. Wisconsin Rules of Evidence, 59 Wis. 2d Rp. 297–300 (1973). Thus, we reject the argument.

cided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged."[5] *Flowers*, 81 Wis. 2d at 387, 260 N.W.2d at 734, quoting *Commissioner v. Sunnen*, 333 U.S. 591, 599–600 (1948) (emphasis deleted). Also, it must be clear that "the issue in question has in fact been decided." *Id.* at 389, 260 N.W.2d at 735. A major consideration, however, is fairness to the party against whom collateral estoppel is asserted. He "must be permitted to demonstrate, if he can, that he did not have 'a fair opportunity procedurally, substantively and evidentially to pursue his claim the first time.'" *Blonder* at 333 (citation omitted). This includes a consideration of the incentive to litigate in the first action. *Id.* The analysis should be made on a case-by-case basis with the court looking at the actions taken to defend the case and not at the potential penalties.

Upon review of the case, we conclude that Crowall had an incentive to litigate the criminal charge of operating a vehicle while intoxicated, second offense. There is no evidence that Crowall did not fully use his opportunity to litigate the question of who was driving the vehicle. At his criminal trial, he was represented by an attorney, testified on his own behalf, presented witnesses and cross-examined State witnesses.[6] Nevertheless, the jury found beyond a reasonable doubt that Crowall was operating the vehicle while intoxicated.

---

[5] There is no question that the issue of who was driving the vehicle is identical in both the criminal proceeding and in the present action. In the criminal proceeding, the jury was held to the highest burden of proof in finding Crowall guilty beyond a reasonable doubt as compared to the lower burden in the instant action. While this is a different legal rule, we are proceeding from a higher burden of proof to a lower one. We recognize that it would be inappropriate to apply collateral estoppel if the burden of proof were lesser in the first action than in the second.

[6] We do not have the record of the criminal proceeding; however, these facts are not disputed by Crowall.

Finally, Crowall argues that a criminal judgment, particularly one for a crime which is not a felony requiring criminal intent, cannot be used to bar a subsequent civil proceeding. We disagree.

We are further persuaded by the reasoning in *Teitelbaum Furs, Inc. v. Dominion Insurance Co.*, 375 P.2d 439 (Cal. 1962), *cert. denied,* 372 U.S. 966 (1963), which upheld the defensive use of a criminal conviction to collaterally estop in a civil action relitigation of issues already resolved in the first action. There, the court stated that:

[t]o preclude a civil litigant from relitigating an issue previously found against him in a criminal prosecution is less severe than to preclude him from relitigating such an issue in successive civil trials, for there are rigorous safeguards against unjust conviction, including the requirements of proof beyond a reasonable doubt and of a unanimous verdict, the right to counsel, and a record paid for by the state on appeal. Stability of judgments and expeditious trials are served and no injustice done, when criminal defendants are estopped from relitigating issues determined in conformity with these safeguards. [Citations omitted.]

*Id.* at 441. In *Flowers* at 387–89, 260 N.W.2d at 734–35, the court indicated that the burden of proof in the first action is a consideration in determining whether to apply collateral estoppel in the second action.[7]

In this case, the burden of proof Crowall must meet is less stringent than the State's burden in the criminal pro-

[7] In dicta, the court notes that a conviction based on evidence beyond a reasonable doubt in the first action satisfies a lesser standard in the second action. *Flowers* at 389, 260 N.W.2d at 735 n. 7. In *Landess v. Schmidt*, 115 Wis. 2d 186, 198–99, 340 N.W.2d 213, 219 (1983), the court applied collateral estoppel against the plaintiff when the burden of proof was lesser in the first civil action and the plaintiff did not prevail on the merits. Thus, presumably he could not meet a heavier burden in the second action against a new defendant on the same issue.

ceeding. The State met its burden of proof beyond a reasonable doubt, and the jury convicted Crowall of operating a vehicle while intoxicated. Crowall had the benefit of the safeguards of the criminal justice system.

For the above reasons, it would be an injustice to force Heritage to relitigate resolved issues. Also, the system risks inconsistent judgments and protracted litigation if collateral estoppel is not applied in this situation. Accordingly, we affirm the order of the trial court.

*By the Court.*—Order affirmed.