Julie Ann KICHEFSKI, Plaintiff-Appellant,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY and Neil Novak, Defendants-Respondents.†

Court of Appeals

*No. 85–2326. Submitted on briefs April 3, 1986.—Decided May 14, 1986.*

(Also reported in 390 N.W.2d 76.)

† Petition to review denied.

75

For the plaintiff-appellant, the cause was submitted on the briefs of *Karin A. Bentz* of *Curtis-Wilde Law Offices* of Oshkosh.

For the defendants-respondents, the cause was submitted on the briefs of *Ronald L. Lampe* and *James P. Williamson* of *Dempsey, Magnusen, Williamson and Lampe* of Oshkosh.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   Julie Ann Kichefski appeals from a summary judgment granted in favor of Ameri-

can Family Mutual Insurance Company. The trial court granted summary judgment based on its conclusion that Kichefski was collaterally estopped from pursuing her negligence claim against American Family. Because we are persuaded that summary judgment was inappropriate, we reverse.

Kichefski's complaint alleged that Neil Novak negligently pushed her from his porch on July 31, 1984 and caused serious injuries to her. American Family insured Novak at that time under a homeowner's policy. Prior to commencement of this action, Novak was charged in a criminal action with aggravated battery growing out of the same incident. On October 15, 1984, a jury trial was held on the criminal matter. Kichefski testified as a witness for Novak and indicated that he negligently pushed her. Novak was found guilty of aggravated battery.

American Family moved for summary judgment in this action, claiming that Kichefski was collaterally estopped from proceeding against American Family. The homeowner's policy issued by American Family to Novak excluded coverage for bodily injury caused by the intentional conduct of Novak. Because Novak's criminal conviction necessarily required a finding that Novak's conduct was intentional,[1] American Family reasoned that finding was conclusive in the civil action and collaterally estopped Kichefski from proceeding on

---

[1] Novak was convicted under sec. 940.19(1m), Stats., which provides:

> Whoever causes great bodily harm to another by an act done *with intent* to cause bodily harm to that person or another without the consent of the person so harmed is guilty of a Class E felony. [Emphasis added.]

the negligence claim. The trial court agreed and granted summary judgment.

In reviewing summary judgment decisions, we independently examine the record to determine whether any genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Maynard v. Port Publications, Inc.,* 98 Wis. 2d 555, 558, 297 N.W.2d 500, 502–03 (1980). The evidentiary facts before us are undisputed. This court is not bound by a trial court finding based on undisputed evidentiary facts when the finding is essentially a conclusion of law. *Village of Sister Bay v. Hockers,* 106 Wis. 2d 474, 479, 317 N.W.2d 505, 507 (Ct. App. 1982). Whether collateral estoppel applies under a given set of facts is essentially a question of law.

Generally, "[c]ollateral estoppel precludes relitigation of an issue of ultimate fact previously determined by a valid final judgment in an action *between the same parties." Crowall v. Heritage Mutual Insurance Co.,* 118 Wis. 2d 120, 123, 346 N.W.2d 327, 329 (Ct. App. 1984), quoting *State ex rel. Flowers v. Department of Health & Social Services,* 81 Wis. 2d 376, 387, 260 N.W.2d 727, 734 (1978). The modern trend outside of Wisconsin is to allow limited exceptions to the requirement of mutuality of parties or to abandon it altogether, *see Crowall* at 123, 346 N.W.2d at 329.

In place of requiring mutuality of parties, courts now require that the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in question during the previous litigation. *Guenther v. Holmgreen,* 738 F.2d 879, 883 (7th Cir. 1984), *cert. denied,* 105 S. Ct. 1182 (1985); *Speaker*

*Sortation Systems v. United States Postal Service,* 568 F.2d 46, 48–49 (7th Cir. 1978).

In *Crowall,* this court expressly adopted a limited exception to the mutuality requirement in holding that "the lack of mutuality of estoppel does not preclude the use of collateral estoppel when it is asserted defensively to prevent a party from relitigating an issue which has been conclusively resolved against that party in a prior case." *Crowall,* 118 Wis. 2d at 125, 346 N.W.2d at 330. In adopting this exception, this court noted that it serves the policy of promoting judicial economy and prevents the misallocation of resources by precluding a second suit to a party who has already had a fair trial on an issue. *Id.*

The exception to the mutuality requirement which we adopted in *Crowall* does not govern here. In *Crowall,* the defendant, who was not a party to the first action, defensively asserted collateral estoppel against the plaintiff, who was a defendant in the first action. This court approved the use of collateral estoppel under those facts. Here, American Family, a nonparty to the criminal prosecution, seeks to invoke collateral estoppel against Kichefski, also a nonparty to the criminal prosecution.

While *Crowall* does not expressly govern, it is instructive. We noted in *Crowall* that in determining whether collateral estoppel precludes litigation of an issue, a major consideration is fairness to the party against whom collateral estoppel is asserted. *Id.* at 126, 346 N.W.2d at 331. The party must be given an opportunity to show that he or she did not have a fair chance

procedurally, substantively, or evidentially to pursue the claim. *Id.*

We are persuaded that Kichefski did not have a full and fair opportunity in the criminal action to litigate her claim that Novak negligently pushed her. We acknowledge that in the criminal prosecution the jury necessarily found beyond a reasonable doubt that Novak intentionally pushed Kichefski. Kichefski, however, was not a party to that action—the state of Wisconsin filed the complaint against Novak. It is also significant that Kichefski's allegations in the civil complaint were entirely consistent with her testimony at the trial on the criminal charge. She testified at trial that Novak's conduct was negligent and alleged the same in her complaint. *Cf. New Jersey Manufacturers Insurance Co. v. Brower,* 391 A.2d 923 (N.J. Super. Ct. App. Div. 1978) (injured party collaterally estopped from pursuing negligence claim where his testimony at previous criminal trial indicated the defendant intended the act).[2] Finally, we note that Kichefski was not represented by counsel and had no control over the criminal litigation.

---

[2] American Family cites *Brower* to support its position that Kichefski is collaterally estopped from proceeding. Although *Brower* is factually similar to this case, the testimonial position of the party against whom collateral estoppel was asserted in that case actually aided the conviction of the defendant in the previous criminal litigation. The court held that the witness should be held to his previous testimony. We find this a significant distinction between *Brower* and the present case. *See Garden State Fire & Casualty Co. v. Keefe,* 410 A.2d 718, 721 (N.J. Super. Ct. App. Div. 1980).

We recognize the competing public policies raised by this appeal. On the one hand, invoking collateral estoppel serves to conserve judicial resources and encourage reliance on adjudications by preventing inconsistent decisions. *See Dannhausen v. First National Bank of Sturgeon Bay,* 538 F. Supp. 551, 567 (E.D. Wis. 1982). On the other hand, however, is the public interest that a victim have her "day in court" and be compensated. *See Burd v. Sussex Mutual Insurance Co.,* 267 A.2d 7, 15 (N.J. 1970). Under the facts of this case, we are persuaded that affording Kichefski a full and fair opportunity to litigate her claim is the more important public policy to be served. We therefore reverse and remand for further proceedings.[3]

*By the Court.*—Judgment reversed and cause remanded.

---

[3] In light of our holding, we are not required to address Kichefski's further claim that she is entitled to enforce her claim as a third-party beneficiary under Wisconsin's direct action statute, sec. 632.24, Stats.