Robert C. NEWHOUSE, by his Guardian ad Litem, Ardell W. Skow, Charles E. Newhouse and Bonnie Newhouse, Plaintiffs-Respondents-Cross Appellants,†

v.

CITIZENS SECURITY MUTUAL INSURANCE COMPANY, Defendant-Third-Party Plaintiff-Appellant-Cross Respondent,††

Floyd OMANN, Don Paul Novitzke and XYZ Insurance Company, Third-Party Defendants.

Court of Appeals

*No. 91–1802. Oral argument July 6, 1992.—Decided August 4, 1992.*

(Also reported in 489 N.W.2d 639.)

†Petition to review granted.
††Petition to cross review granted.

On behalf of plaintiffs-respondents-cross-appellants, the cause was submitted on the briefs of *Lila M. Hambleton, Ardell W. Skow* and *Matthew A. Biegert* of *Doar, Drill & Skow, S.C.* of Baldwin, and orally argued by *Matthew A. Biegert.*

On behalf of defendant-third-party plaintiff-appellant-cross-respondent, the cause was submitted on the briefs of and orally argued by *Terrence M. Gherty* of *Gherty & Gherty, S.C.* of Hudson.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Citizens Security Mutual Insurance Company appeals a summary judgment holding that it breached its duty to defend its insured, Floyd Omann. The judgment awards Floyd's assignee, Robert Newhouse, over $724,000, the amount of the judgment against Floyd in an underlying personal injury action. The judgment also awards costs and fees for frivolous claims Citizens filed seeking contribution against Floyd and his attorney. In a previous appeal arising out of the personal injury action, this court held that Floyd had coverage under Citizens' $50,000 homeowner's liability policy. *Newhouse v. Laidig, Inc.,* 145 Wis. 2d 236, 426 N.W.2d 88 (Ct. App. 1988) *(Newhouse I).* Robert cross-appeals the dismissal of his bad faith claims.

Citizens maintains that: (1) despite *Newhouse I,* it had no duty to defend because it had an independent and unappealed declaratory judgment from the circuit court holding that Floyd did not have coverage; (2) Floyd's

assignee is also barred from reliance upon *Newhouse I* because Floyd failed to join in that appeal; (3) alternatively, if it did breach a contractual duty to defend, the proper measure of damages is the $50,000 policy limits plus interest and costs of defense, rather than the entire personal injury judgment; and (4) Citizens' contribution claims against Floyd and his attorney were not frivolous. We hold that (1) Citizens is bound by our decision in *Newhouse I;* (2) the measure of damages for breach of the insurer's duty to defend is the policy limits plus interest together with costs and attorney fees in defending the suit; (3) Citizens' claims for contribution were frivolous and costs were properly imposed; and (4) Robert's bad faith claims were properly dismissed.

This lawsuit is the aftermath of a negligence action brought by the young nephew of Citizens' insured. Four-year-old Robert Newhouse was injured in a farm accident when his uncles, Timothy and Floyd Omann, permitted the youngster into a silo where he became entangled in unloader machinery. Citizens insured Floyd and his parents with a homeowner's policy. Although the insured parties did not live on the farm where the accident happened, Floyd was at the farm helping Timothy at the time of the accident.

The legal chronology leading to this appeal is complex. Robert first commenced a lawsuit against the Omann brothers and others for their alleged negligence in the farm accident. Citizens was not initially a named defendant. Attorney Don Paul Novitzke filed an answer for Floyd denying liability and then tendered the defense to Citizens. Citizens responded with a separate action naming Floyd as the only defendant, seeking a declaratory judgment that its homeowner's policy excluded coverage because the accident did not occur on the insured's premises. Before the circuit court could rule, Robert

joined Citizens in his negligence lawsuit and Citizens raised the issue of coverage in that action as well. The same trial judge presided over both actions. A declaratory judgment holding that Citizens' policy did not provide coverage was granted first, followed some six months later by an identical ruling in Robert's underlying negligence action. Floyd did not appeal the declaratory judgment, while the defendants in Robert's action, with the exception of Floyd, did appeal the coverage holding.

In the meantime, while the coverage appeal was pending in this court, Robert's negligence action proceeded to trial on the merits. The trial court inquired of Citizens whether it wanted a continuance pending resolution of the coverage appeal and was advised in the negative. Citizens assumed Floyd was represented by counsel and that counsel was aware of the offer for an adjournment. Neither Floyd nor Citizens participated in the personal injury trial.[1] During the course of his trial, Robert separately settled each of his tort claims except the one against Floyd. The trial court excused the jury, and Robert's claim against Floyd was tried to the court, without participation by Floyd or Citizens. The trial court apportioned negligence 35% to Floyd, 35% to Timothy and the remaining 30% to various machinery manufacturers. Total damages were assessed in that action at more than $1 million, and Floyd's 35% portion was approximately $576,000. Judgment against Floyd was entered against him in October 1987.

Thereafter, this court reversed the trial court's denial of coverage in *Newhouse I*. We held that Citizens'

---

[1]The recent decision of *Elliott v. Donahue,* 169 Wis. 2d at 317–318, 485 N.W.2d at 406 (1992), holds that the insurer must seek bifurcation of the coverage and negligence issues and also must seek a stay of the latter pending resolution of the former.

policy provided floating coverage for Floyd's tortious personal acts wherever he might be, and that the policy exclusions did not apply. *Id.* at 240, 426 N.W.2d at 90.

After our decision, Citizens paid its policy limits of $50,000 together with $77,000 interest and costs into the St. Croix County clerk of court's office pending resolution of its petition for review to the Wisconsin Supreme Court, which was eventually denied. Citizens also paid Floyd's attorney fees incurred to that point.

Floyd thereafter assigned any claims he may have against Citizens to his nephew, Robert, the original plaintiff. An assignee of a cause of action stands in the shoes of, and acquires no greater rights than were possessed by, the assignor. *Callies v. Reliance Laundry Co.,* 188 Wis. 376, 381, 206 N.W. 198, 200 (1925). Pursuant to that assignment, Robert commenced this action alleging several causes of action, including tortious bad faith and breach of the contractual duty to defend. The trial court dismissed all the claims except the breach of a duty to defend in a summary judgment. Citizens also filed third-party claims for contribution against Floyd and Novitzke, alleging that their negligence in failing to defend in Robert's lawsuit increased the damages against Floyd. Both sides alleged that the others' claims were frivolous.

The trial court granted summary judgment on the breach of contract claim against Citizens for failing to defend Floyd and awarded damages in the sum of $724,004.02, representing the damages awarded in the underlying personal injury action together with interest and costs. The court also found that Citizens' contribution claims against Floyd and his attorney were frivolous and awarded actual costs and attorney fees. According to Citizens' brief, issues concerning counterclaims by Floyd

and his attorney for frivolous costs against Citizens remain pending in the trial court.

## DUTY TO DEFEND FLOYD

■■ Citizens contends that its obligation to defend its insured terminated because Floyd failed to appeal the coverage ruling, first after the declaratory judgment and later from the same ruling in Robert's negligence action.[2] When reviewing a grant of summary judgment, we apply the same methodology as the circuit court, and, because the procedure has been set forth in numerous cases such as *Grams v. Boss,* 97 Wis. 2d 332, 294 N.W.2d 473 (1980), we do not repeat it here. Questions of law are properly decided by summary judgment. *Kane v. Employer's Ins.,* 142 Wis. 2d 702, 705, 419 N.W.2d 324, 326 (Ct. App. 1987).

■ We conclude as a matter of law that neither res judicata nor collateral estoppel allows Citizens to avoid this court's coverage ruling in *Newhouse I.* These doctrines are equitable in nature and founded upon principles of fundamental fairness. *Desotelle v. Continental*

---

[2]Citizens' policy included the following language pertaining to personal liability coverage:

> If a claim is made or a suit is brought against any **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, we will:
>
> a.  pay up to our limit of liability for the damages for which the **insured** is legally liable; and
>
> b.  provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.

*Cas. Co.,* 136 Wis. 2d 13, 21, 400 N.W.2d 524, 527 (Ct. App. 1986).

There are several reasons why Citizens' attempt to avoid the application of *Newhouse I* in this lawsuit is fundamentally unfair. First, Wisconsin has long held that a separate and independent declaratory judgment action is not the proper method for resolution of insurance coverage issues. *New Amsterdam Cas. Co. v. Simpson,* 238 Wis. 550, 300 N.W. 367 (1941), and *Allstate Ins. Co. v. Charneski,* 16 Wis. 2d 325, 114 N.W.2d 489 (1962). *New Amsterdam* recognized that Wisconsin, unlike many other jurisdictions, provides for direct action by an injured plaintiff against an insured defendant's insurer. Section 803.04(2), Stats. As a result, the injured plaintiff is subject to a defense that the defendant tortfeasor's policy does not cover the accident. "Hence, the injured party with a cause of action directly against the insurer is in a real, as well as a technical sense, the principal adversary of the insurance company upon this issue." *New Amsterdam,* 238 Wis. at 555, 300 N.W. at 369. Coverage questions should be resolved in the underlying personal injury lawsuit.

Furthermore, not only did Citizens' declaratory judgment action contravene the holdings in *New Amsterdam* and *Charneski,* and thereby subject Floyd to multiple lawsuits and the potential for multiple appeals, their action naming Floyd as the sole defendant ignored an important provision of the Uniform Declaratory Judgments Act, sec. 806.04(11), Stats.: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration . . .."

■
Finally, apart from the preceding procedural irregularities, Citizens also failed to raise the declaratory judgment as a defense, either in the circuit court or this court, when the issue of coverage arose in the personal injury action. The effect of the judgment as a defense was therefore waived. *See Currier v. Baldridge,* 914 F.2d 993, 996 (7th Cir. 1990) (defenses of collateral estoppel may be waived).

Citizens, however, does not rest its case solely upon the declaratory judgment. It maintains that Floyd's failure to join in the appeal in *Newhouse I* also prevents him from relying upon it, and insists that Floyd and his assignee are bound, not by our decision on the coverage issue, but by the final judgment rendered as to him by the trial court. We disagree. The applicable rule of law and the exception to it is restated in 5B C.J.S. *Appeal & Error* § 1952 (1958): "A reversal [by an appellate court] is binding on the parties to the suit, but does not inure to the benefit of parties who did not join in the appeal, *unless their rights and liabilities and those of the parties appealing are so interwoven and dependent as to be inseparable."* (Emphasis added.)

■
An example of the application of the stated exception to the rule, albeit under different facts, is found in *Wisconsin Livestock Ass'n v. Bowerman,* 202 Wis. 618, 233 N.W. 639 (1930) *(Bowerman II).* In that instance, a trial court had awarded a money judgment on a defendant's counterclaim against both the principal plaintiff and his sureties in a replevin action. The sureties did not join the principal plaintiff in his appeal, and the judgment was reversed. *Wisconsin Livestock Ass'n v. Bowerman,* 198 Wis. 447, 224 N.W. 729 (1929) *(Bowerman I).* In a subsequent appeal, the defendant

argued, as does Citizens here, that the trial court judgment must stand against those parties who did not join in the first appeal. Our supreme court rejected the defendant's contention. It held that the sureties need not have joined the appeal because the issue of the plaintiffs' liability "effectually disposed of any liability on the part of the sureties . . .." *Bowerman II,* 202 Wis. at 622, 233 N.W. at 641. So it is here. Citizens' liability to its insured is so interwoven and inseparable from its liability to the injured plaintiffs under Wisconsin's direct action statute that it was unnecessary for Floyd to join in the appeal of that issue.

Finally, to permit Citizens to avoid the ruling of *Newhouse I* would stand the doctrine of collateral estoppel on its head. There are several recognized public policy concerns that arise in determining the question of finality of a particular judgment. Fairness to the party against whom finality is asserted, the conservation of judicial resources and the prevention of inconsistent decisions by the courts are all factors. *Kichefski v. American Family Mut. Ins. Co.,* 132 Wis. 2d 74, 79–81, 390 N.W.2d 76, 78–79 (Ct. App. 1986). Whether to apply a former judgment under a given set of facts is essentially a question of law. *Id.* at 78, 390 N.W.2d at 78. Fairness, under the facts of this case, binds Citizens to the decision in *Newhouse I.* First, Citizens unfairly used an unacceptable procedure to litigate coverage. Later, when its principal adversaries, the injured plaintiffs, raised the insurance issue in context of *Floyd's* right to coverage, Citizens raised no challenge to their standing to do so.[3] Most importantly, it would neither promote judicial economy nor avoid inconsistent judicial decisions to

---

[3]We have reexamined Citizens' briefs filed in Newhouse I to assure that this is an accurate statement of the record.

468

apply the trial court's coverage decision that was expressly overruled by this court. We therefore decline to apply the doctrines of collateral estoppel or res judicata to Floyd's assignee, and conclude that Robert is entitled to assert a breach of the duty to defend based upon our holding in *Newhouse I.*

## DAMAGES FOR BREACH OF DUTY TO DEFEND

The trial court awarded summary judgment to Robert for the full amount of the judgment against Floyd, together with interest and costs. Citizens maintains that absent a finding of bad faith, the measure of damages is the policy limits plus interest and costs, including attorney fees. Citizens' view is the majority view in this country. *See* 7C JOHN A. APPLEMAN, INSURANCE LAW & PRACTICE § 4689 (Walter F. Berdal ed. 1979). Although no Wisconsin case unequivocally so holds, dictum in several cases approves the majority rule.

Citizens cites Justice Steinmetz' concurring opinion in *Mowry v. Badger State Mut. Cas. Co.,* 129 Wis. 2d 496, 385 N.W.2d 171 (1986). Justice Steinmetz suggests that the measure of damages is: "(1) the insured's costs for defending the suit; (2) the amount recovered from the insured, either by way of judgment or settlement, up to the policy limits; and (3) any additional damages caused by the insurer's breach." *Id.* at 536, 385 N.W.2d at 188. Justice Steinmetz relies upon a federal court decision, *American Motorists Ins. Co. v. Trane Co.,* 544 F. Supp. 669 (W.D. Wis. 1982). Justice Ceci, however, writing for the majority in *Mowry,* declared that "we have no opportunity to discuss the proper measure of breach of duty to defend damages." *Id.* at 529, 385 N.W.2d at 186.

In dictum in *Professional Office Bldgs. v. Royal Indem. Co.,* 145 Wis. 2d 573, 427 N.W.2d 427 (Ct. App.

1988), we also cite *American Motorists.* The majority rule was also impliedly approved in *Berk v. Milwaukee Auto. Ins. Co.,* 245 Wis. 597, 15 N.W.2d 834 (1944). In *Berk,* the insured's assignee sought to collect from the liability insurer that amount of a personal injury award entered against the insured in excess of the policy limits because the insurer had allegedly improperly failed to settle a third-party claim. The *Berk* court stated: "Plaintiff can prevail only on the basis that defendant acted in, or was guilty of, bad faith in rejecting the offer of settlement, and in defending that action rather than settling same." *Id.* at 601, 15 N.W.2d at 836. While the holding is not squarely on point as it related to a failure to settle rather than a failure to defend, the logic would seem to be the same.

Among the few jurisdictions that permit recovery of the full judgment against the insured although the refusal to defend was not in bad faith, there is a requirement that the insurer must have rejected a formal offer of settlement for the policy limits. *See State Farm Mut. Auto. Ins. Co. v. Paynter,* 593 P.2d 948, 954 (Ct. App. Ariz. 1979); *Seward v. State Farm Mut. Auto. Ins. Co.,* 261 F. Supp. 805, 808 (S.D. Fla. 1966); *see also* cases collected at 49 A.L.R.2d 694–760, § 11, Later Case Service 72–75 (1987). Floyd's deposition testimony reveals that he never received an offer of settlement in Robert's lawsuit.[4] Because we conclude that Citizens is not liable beyond its policy limits, we do not determine Citizens' further assertion that Floyd failed to mitigate his damages.[5]

---

[4]There was apparently an offer of settlement made to Citizens to settle the claim against the insurer alone.

[5]It is a fundamental rule of contract law that damages are not recoverable for harm that a plaintiff should have foreseen and could have avoided without undue expense or humiliation.

Robert cross-appeals the summary judgment dismissing his action for bad faith against Citizens. Robert maintains that Citizens is liable in tort for: (1) commencing the declaratory judgment action and naming Floyd as the sole defendant; (2) failing to notify Floyd of the trial court's offer of a continuance until the coverage issue was decided on appeal; and (3) refusing to appoint counsel to defend Floyd in the negligence action. We affirm the trial court's decision. The tort of bad faith carries connotations of deceit or dishonesty. *Anderson v. Continental Ins. Co.*, 85 Wis. 2d 675, 691–92, 271 N.W.2d 368, 376–77 (1978).

As to the first grounds of alleged bad faith, despite the declaratory judgment action, Citizens promptly relitigated the same issue in the proper forum and the original action was harmless and of no effect. We further reject a bad faith claim based upon a failure to notify Floyd of the trial court's offer to adjourn the trial pending resolution of the coverage appeal. To all appearances, Floyd was represented by counsel at that time. The unrefuted deposition of Citizens' attorney indicates that he received a telephone call from the trial court during a pretrial conference inquiring whether Citizens would be seeking a continuance. He also testified in answer to a question whether he understood that attorney Novitzke

---

*Monroe Cty. Finance Co. v. Thomas,* 243 Wis. 568, 571, 11 N.W.2d 190, 192 (1943), citing RESTATEMENT OF THE LAW OF CONTRACTS § 336. The defendant has the burden of pleading and proving failure to mitigate. *Monroe Cty. Finance,* 243 Wis. at 571–72, 11 N.W.2d at 192. Citizens maintains that Floyd failed to mitigate by virtue of his failure to defend himself in the personal injury lawsuit.

was not at the conference and would not be there: "I did not understand that at all, no." To all appearances, Novitzke remained of counsel to Floyd. Citizens also did not act in bad faith by failing to appoint counsel for Floyd absent evidence that Novitzke had withdrawn from the case.

## FRIVOLOUS COSTS AGAINST CITIZENS

Citizens appeals the trial court's decision to impose costs and fees pursuant to sec. 814.025, Stats., for its pursuit of a third-party contribution action against Floyd and his attorney, Novitzke. Citizens proceeded on the theory that if it was liable for the bad faith claim Robert brought as Floyd's assignee, then it is appropriate to apportion the negligence among the responsible parties. Citizens maintains that Floyd and Novitzke were negligent for failing to defend in Robert's negligence suit and as a result the damages awarded Robert were much higher.

As to the claim against the insured's attorney, as the trial court noted, there was no attorney-client privity between Citizens and Novitzke. It has long been the general rule in Wisconsin that absent fraud or certain public policy considerations, an attorney is not liable to third parties for acts committed in the exercise of his duties as an attorney. *Auric v. Continental Cas. Co.,* 111 Wis. 2d 507, 512, 331 N.W.2d 325, 328 (1983). Citizens makes no argument why this well-established precedent was inapplicable. The case cited by Citizens, *Grosskopf Oil, Inc. v. Winter,* 156 Wis. 2d 575, 457 N.W.2d 514 (Ct. App. 1990), is inapposite. That case summarily decided, because the arguments were not developed in the briefs, that one attorney may seek contribution from another

who represented the same client on the same transaction where the client is seeking damages for malpractice. *Id.* at 586, 457 N.W.2d at 519. *Grosskopf* is limited to its unique facts and does not extend to Citizens' claim against Floyd's attorney in the present circumstances.

Citizens had no viable contribution claim in mitigation of its alleged bad faith for an even more basic reason: It is black letter Wisconsin law that an intentional tortfeasor is not entitled to contribution. This principle was most recently restated in *Eden Stone Co. v. Oakfield Stone Co.*, 166 Wis. 2d 105, 120-21, 479 N.W.2d 557, 564 (Ct. App. 1991). This is so because contribution is founded upon principles of equity and natural justice. *Ohio Cas. Ins. Co. v. Nauth,* 5 Wis. 2d 518, 520, 93 N.W.2d 514, 516 (1958). It applies only where both parties are joint *negligent* wrongdoers, where both have a common liability because of such negligence to the same person, and where one has borne an unequal portion of the common burden. *Farmers Mut. Auto. Ins. Co. v. Milwaukee Auto. Ins. Co.,* 8 Wis. 2d 512, 515, 99 N.W.2d 746, 748 (1959).

Citizens argues further that it was error for the court to grant summary judgment on these claims without a fact finding hearing. The court should ordinarily inquire into the factual question of whether the party or its attorney knew, or should have known, that a complaint was without any reasonable basis in law or in equity, or whether it could be supported by a good faith argument for an extension, modification or reversal of existing law. *See* sec. 814.025(3)(a), Stats. Citizens, however, does not seek to extend, modify or reverse the law. It merely misapplied established law. We therefore con-

clude that any error in failing to hold a fact finding hearing was harmless.

In conclusion, that part of the summary judgment awarding damages for the full amount of the personal injury judgment is reversed. The matter is remanded for entry of judgment in an amount consistent with this decision. That part of the summary judgment dismissing the remaining claims against Citizens, and awarding costs and fees for a frivolous claim is affirmed.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.