SCHWARTZ, Chief Judge.
Contrary to the holding below, we conclude that the appellee’s policy designated the defendant in the underlying tort action, who was an officer and managing agent of the named insured, as an additional insured and did not contain an applicable exclusion or exception. It therefore covered and required the carrier to defend the Streeter[1] ltype claim in question. See Seward v. State Farm Mut. Auto. Ins. Co., 261 F.Supp. 805 (S.D.Fla.1966), aff’d, 392 F.2d 723 (5th Cir.1968); General Aviation Supply Co. v. Insurance Co. of North America, 181 F.Supp. 380 (E.D.Mo.1960), aff’d, 283 F.2d 590 (8th Cir.1960); Zenti v. Home Ins. Co., 262 N.W.2d 588 (Iowa 1978); see generally Stuyvesant Ins. Co. v. Butler, 314 So.2d 567 (Fla.1975).
There is also no merit in FIGA’s fail-back position that the case is moot. Losicco v. Aetna Casualty & Sur. Co., 588 So.2d 681 (Fla. 3d DCA 1991); Gibson v. Walker, 380 So.2d 531 (Fla. 5th DCA 1980).
Accordingly, the judgment is reversed with directions to enter a judgment on coverage for the appellant and to assess attorney’s fees for services rendered below and on appeal. Section 627.428, Fla.Stat. (1991).
Reversed and remanded.

. See Streeter v. Sullivan, 509 So.2d 268 (Fla.1987).