IN RE the MARRIAGE OF: Geoffrey H. MATZ, Petitioner-Respondent,

v.

Karen E. MATZ, Respondent-Appellant.

Court of Appeals

*No. 91–0998. Submitted on briefs November 4, 1991.—Decided December 27, 1991.*

(Also reported in 479 N.W.2d 245.)

On behalf of the respondent-appellant, the cause was submitted on the brief of *L.J. Webster* of Ellsworth.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Geoffrey H. Matz,* pro se, of River Falls.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Karen Matz appeals an order terminating Geoffrey Matz' child support obligation pursuant to his motion for modification of judgment. Karen

argues that the trial court erred by concluding, as a matter of law, that the parent with primary physical placement cannot be ordered to pay child support to the nonprimary physical custodian.

██

We conclude that when both parents have joint legal custody, whether the parent with primary physical placement is required to pay child support is a question addressed to the trial court's discretion and must be based on the factors set forth in sec. 767.25, Stats. Because the trial court determined that, as a matter of law, the parent with the primary physical placement cannot be ordered to pay child support, it misapplied the law and therefore failed to reasonably exercise its discretion. The order terminating Geoffrey's child support obligation is reversed and the cause remanded.

Geoffrey and Karen were married in 1980 and had two children. On August 7, 1990, Geoffrey and Karen were divorced. Geoffrey and Karen agreed to, and the judgment of divorce ordered, joint legal custody and shared physical placement. During the week, Karen had physical placement while Geoffrey was at work, at which time the children also attended school. Geoffrey had the children when he was not working. The parties had placement on alternate weekends. During holidays either they shared equal time with the children or they alternated the holiday vacations, depending upon the holiday.

At the time of the divorce judgment, Geoffrey earned $2,922 per month and Karen earned $588 per month. The judgment ordered each to pay 25% of his or her gross income to the other as child support. The amounts were offset and Geoffrey was required to pay $583 per month to Karen as child support.

Geoffrey brought a motion for modification of the divorce judgment to designate him as having primary physical placement and to relieve him of his child support obligation. The trial court found that Geoffrey's monthly income had decreased to $2,170, Karen's monthly income was $258 and that the children spent more than 50% of their time with Geoffrey. Based on those findings, the trial court concluded that Geoffrey was the primary physical custodian and, as such, could not be required to pay child support. Thus, the trial court terminated Geoffrey's child support obligation.

An award of child support is within the sound discretion of the trial court. *Schwantes v. Schwantes,* 121 Wis. 2d 607, 630–31, 360 N.W.2d 69, 80 (Ct. App. 1984). We will reverse a discretionary determination that misapplies the law. *See State v. Hutnik,* 39 Wis. 2d 754, 763, 159 N.W.2d 733, 737 (1968). Whether the trial court misapplied the law by concluding, as a matter of law, that a parent with primary physical placement cannot be ordered to pay child support is a question of law. We review questions of law de novo. *Barber v. Nylund,* 158 Wis. 2d 192, 195, 461 N.W.2d 809, 811 (Ct. App. 1990).

Geoffrey and Karen had joint legal custody. Joint legal custody is the condition where both parties share the right and responsibility to make major decisions concerning their children, and neither party's rights are superior. Section 767.001(1) and (2), Stats. Geoffrey and Karen also shared physical placement. Physical placement is defined as the condition where a party has the right to have the children physically placed with that party, and the right and responsibility to make routine daily decisions regarding the children during that placement. Section 767.001(5), Stats.

Here, the trial court did not consider the factors in sec. 767.25, Stats., in deciding to terminate Geoffrey's child support obligation. Rather, the trial court concluded that Geoffrey could not be ordered to pay child support because he was the primary physical custodian. There is no statute or case law indicating that in a joint legal custody situation the parent with primary physical placement cannot be ordered to pay child support as a matter of law.

In making its determination regarding who is to pay child support and in what amount, the trial court must consider the factors in sec. 767.25, Stats. Among those factors are the financial resources of both parents, the best interests of the child, the standard of living the child was accustomed to and the periods of physical placement with both parents.

We conclude that the trial court misapplied the law and therefore failed to properly exercise its discretion. Upon remand, the trial court may eventually conclude that Geoffrey, as the parent with primary physical placement, is not obligated to pay child support. However, the trial court's conclusion must be a discretionary determination based on the factors in sec. 767.25, Stats., including the periods of physical placement with each parent.

Because the trial court failed to exercise its discretion by concluding as a matter of law that when the parents have joint legal custody, a parent with primary physical placement cannot be ordered to pay child support, we reverse the order terminating Geoffrey's child

support obligation. We also remand the cause for a determination consistent with this opinion.

*By the Court.*—Order reversed and cause remanded.