Susan M. BARBER, Plaintiff,

v.

Craig A. NYLUND, Defendant-Appellant,

RURAL MUTUAL INSURANCE COMPANY,
Defendant-Respondent,

TRANSAMERICA INSURANCE CORPORATION
OF AMERICA, a foreign insurance corporation, and
Rural Security Life Insurance Company, Defendants.

Court of Appeals

*No. 89–2253. Submitted on briefs July 17, 1990.—Decided
September 18, 1990.*

(Also reported in 461 N.W.2d 809.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Michael J. Kranzush* of *Denissen, Kranzush, Mahoney & Ewald, S.C.* of Green Bay.

On behalf of the defendant-respondent, Rural Mutual Insurance Company, the cause was submitted on the brief of *Susan J. Reigel* of *Everson, Whitney, Everson & Brehm, S.C.* of Green Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.  Craig Nylund, a defendant in a personal injury case, appeals both a summary judgment in favor of Rural Mutual Insurance Company and an order denying Nylund's own motion for summary judgment. The trial court found that Nylund was not covered by a Rural Mutual automobile insurance policy at the time of the accident that injured the plaintiff, Susan Barber, and also that Rural Mutual had not waived its right to contest coverage when refusing to defend Nylund.

Nylund contends the trial court erred by ruling that Rural Mutual had not waived its right to contest coverage under the rule of *Professional Office Bldgs. v. Royal Indem. Co.,* 145 Wis. 2d 573, 427 N.W.2d 427 (Ct. App. 1988). We conclude that when the insurer makes a timely denial of coverage and a timely demand for a bifurcated hearing on the coverage issue, it has not waived its right to contest coverage. The judgment and order of the trial court is affirmed.

Nylund was driving a car owned by its other occupant, Barber, when the car left the roadway, severely injuring her. Barber sued Nylund and his insurer, Transamerica Insurance Corporation of America. Transamerica filed an answer on behalf of Nylund. Barber also

alleged that Nylund was covered under her family's Rural Mutual policy because the car was a replacement vehicle and he was a permissive user of the vehicle.[1] Rural Mutual filed a separate answer on behalf of Nylund, but denied coverage on the grounds that Barber's car was not owned by its insured and therefore not a replacement vehicle for the car originally covered, her father's. Nylund tendered his defense to Rural Mutual. Rural Mutual rejected the tender and took no action to defend Nylund.

Nylund moved the court to find that Rural Mutual had breached its duty to defend and therefore had waived its right to contest coverage. The trial court rejected this argument. On Rural Mutual's motion for summary judgment, the trial court found that Barber's car was not a replacement vehicle under the policy, and thus no coverage existed. The court's legal conclusion that there was no coverage is not contested on appeal. Instead, Nylund contends on appeal that the trial court erred by failing to find a waiver of Rural Mutual's right to contest coverage.

Whether the remedy of waiver of an insurer's right to contest coverage is available under particular circumstances is a question of law. *See Professional Office Bldgs.*, 145 Wis. 2d at 580, 427 N.W.2d at 429. This court decides questions of law without deference to the trial court. *Id.* Insurance policies impose a duty on the carrier to defend its insured on the action for damages and a duty to indemnify the insured should liability be found. *Gross v. Lloyds of London Ins. Co.*, 121 Wis. 2d 78, 84, 358 N.W.2d 266, 269 (Ct. App. 1984). An insurance carrier's duty to defend arises when the third

---

[1]The identities and status of the other defendants is not relevant to the issues on appeal.

party's complaint alleges facts that, if proven, would bind the insurer to indemnify the insured. *See Nichols v. American Employers Ins. Co.,* 140 Wis. 2d 743, 749, 412 N.W.2d 547, 550 (Ct. App. 1987). The duty to defend is a contractual obligation of the insurer in line with the insured's reasonable expectation of protection. *See* 14 Couch on Insurance 2d sec. 51:35 (1982).

Nylund contends that Rural Mutual's duty to defend arose at the time Barber's complaint alleged facts demonstrating coverage under the policy. Nylund reasons that because Rural Mutual refused to defend him, it breached its obligation to defend and should be denied the opportunity to challenge coverage. Nylund relies on our language in *Professional Office Bldgs.* where we stated: "We conclude, therefore, that Royal, having breached its duty to defend . . . may not now challenge or otherwise litigate the coverage issues. It is liable for the policy limits . . .." *Id.* at 586, 427 N.W.2d at 432. In response, Rural Mutual cites *Mowry v. Badger State Mut. Cas. Co.,* 129 Wis. 2d 496, 529, 385 N.W.2d 171, 186 (1986), as support for its contention that it had not waived its right to a determination on coverage. In *Mowry,* the supreme court suggested that the insurer try the coverage issue prior to a trial on the claim for liability and damages. Otherwise, it will have to provide a free defense to its insured. *Id.*

In *Professional Office Bldgs.,* we noted that the insurer could have tried the coverage issue prior to undertaking the liability defense, but it did not. We stated that " 'when [a] separate trial on coverage *does not* precede the trial on liability and damages[,]' the insurer 'may need to provide a defense'—sometimes to the extent of 'be[ing] required to furnish a free defense to its insured [—] prior to the determination of coverage.' "

*Id.* at 585, 427 N.W.2d at 431 (citing *Mowry,* 129 Wis. 2d at 528-29, 385 N.W.2d at 186) (emphasis added).

We concluded, therefore, that when the insurer refused to defend the insured at the trial on the liability claim, it waived any later challenge to coverage. We stated:

> [N]o Wisconsin court has considered whether an insurer, who has breached its duty to defend an insured, may be estopped from *later* challenging coverage.
>
> We believe such a rule is not only consistent with, but required by, Wisconsin cases such as *Grieb* (where the court stated that "the insurer who declines to defend does so at [its] peril" . . . We note, too, that courts in other states have, like the *American Motorists* court, held that *an improper refusal to defend* waives any *later* challenge to coverage.

*Professional Office Bldgs.,* 145 Wis. 2d at 584-85, 427 N.W.2d at 431 (quoting *Grieb v. Citizens Cas. Co.,* 33 Wis. 2d 552, 558, 148 N.W.2d 103, 106 (1967), and *American Motorists Ins. Co. v. Trane Co.,* 544 F. Supp. 669, 679 (W.D. Wis. 1982), *aff'd,* 718 F.2d 842 (7th Cir. 1983)) (emphasis added). It must be emphasized that in *Professional Office Bldgs.,* we discussed the use of waiver of an insurer's right to contest coverage to remedy "an improper refusal to defend" on the liability issue when the coverage issue was later raised.

To apply the same remedy where a trial court has followed the supreme court's recommended bifurcation procedure of first conducting a trial on the coverage issue undermines the public policy goals stressed in *Professional Office Bldgs.* The facts in *Mowry* are similar to our case. When the suit was filed in *Mowry,* the insurer responded by denying coverage and refused to provide a defense on the grounds that the vehicle was not owned

by its insured. The trial was bifurcated with, as in our case, the trial on coverage heard prior to the trial on liability and damages. Although in *Mowry* it was determined there was coverage, the supreme court refused to find that the insurer breached its contractual duty to defend its insured in an action for damages. The court stated:

> An insurer may need to provide a defense to its insured when the separate trial on coverage does not precede the trial on liability and damages. Section 803.04(2)(b), Stats., states that the court upon ordering separate trials "shall specify in its order the sequence in which such trials shall be conducted." Thus, we have noted that an insurer may be required to furnish a free defense to its insured prior to the determination of coverage.
>
> *Badger State was not required to provide a free defense in this case because the coverage trial preceded a trial on liability and damages. And Badger State extended the defense it was contractually required to provide to its insured once there was a finding of policy coverage.*

*Id.* at 528–29, 385 N.W.2d at 186 (emphasis added; citations omitted).

The law appears settled that even if an insurer is granted a bifurcated trial under sec. 803.04(2)(b), Stats., an insurer's duties to its insured are not suspended pending the outcome of the coverage trial. *Mowry*, 129 Wis. 2d at 523, 385 N.W.2d at 183. However, we are not presented with a situation where Nylund was left alone to defend himself on the action for damages prior to a determination on the coverage issue. Rural Mutual filed an answer on Nylund's behalf denying his negligence as well as alleging affirmative defenses to the action and

obtained a hearing on the coverage issue prior to any proceedings on the claim for liability and damages. We therefore conclude that under the facts of this case, Rural Mutual had not waived its right to contest coverage. Consequently, we need not address the issue of whether it had improperly refused the tendered defense.

Nylund does not request any other remedy for the alleged breach of Rural Mutual's duty to defend.[2] We note, however, that a minority of jurisdictions allow recovery of attorney's fees, but only where there is an unjustified denial of coverage. *See, e.g.,* Annot., *Insured's Right to Recover Attorney's Fees Incurred in Declaratory Judgment Action to Determine Existence of Coverage under Liability Policy,* 87 A.L.R.3d 429 (1978); *see also, e.g., American Home Assur. Co. v. Osbourn,* 422 A.2d 8, 14–15 (Md. App. 1980) (error to award attorney's fees for declaratory judgment action in which it was held that there was no coverage and no duty to defend).

We further note that where an insurer denies coverage and the court determines that such denial was done in bad faith (in an attempt to unjustifiably deny coverage to an insured who cannot afford to retain his own counsel, for instance) a tort recovery may be possible. *See, e.g., Mowry,* 129 Wis. 2d at 516, 385 N.W.2d at 180; *State Farm Fire & Cas. Ins. Co. v. Walker,* 157 Wis. 2d 459, 459 N.W.2d 605 (Ct. App. 1990); *see also* Annot. *Insurer's Tort Liability for Consequential or Punitive Damages for Wrongful Failure or Refusal to Defend Insured,* 20 A.L.R.4th 23 (1983). However, because Nylund never contended Rural Mutual's denial of cover-

---

[2] At the trial level, it was suggested that Rural Mutual should be obligated to at least provide counsel for Nylund at the coverage hearing. The issue was not pursued on appeal and we therefore need not address that issue.

age was either unjustified or in bad faith, we need not address those issues. The trial court's grant of summary judgment is affirmed.

*By the Court.*—Judgment affirmed.