FIRE INSURANCE EXCHANGE, Plaintiff-Respondent,

v.

Dale M. BASTEN, Defendant-Appellant.†

Court of Appeals

*No. 94–3377–FT. Submitted on briefs May 9, 1995.—Decided June 13, 1995.*

(Also reported in 536 N.W.2d 150.)

†Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Avram D. Berk* of *Robinson, Robinson, Peterson, Berk & Cross* of Appleton.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Robert N. Duimstra* of *Menn, Nelson, Sharratt, Teetaert & Beisenstein, Ltd.* of Appleton.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Dale M. Basten appeals a declaratory judgment finding that Fire Insurance Exchange had no duty to defend and indemnify Basten in the lawsuit brought against him and others by Susan Monfils.[1]

Basten contends that the declaratory judgment action was improper procedure. Because we conclude that bringing a declaratory judgment action separate from the underlying lawsuit was not improper, we affirm the trial court.

The facts are undisputed. On May 26, 1993, the estate of Thomas Monfils and his surviving spouse and children brought a wrongful death lawsuit against Basten and six other defendants, not including Fire Insurance, in Brown County Circuit Court. The case was assigned to Judge Richard Greenwood in Branch I. The Monfils' lawsuit sought compensatory and punitive damages against all defendants.

Basten tendered his defense to his homeowner's insurance company, Fire Insurance, which refused to defend Basten or pay for his defense. Fire Insurance then filed a declaratory judgment action on the insurance coverage issue, which was assigned to a separate branch of the Brown County Circuit Court. That trial court found that the declaratory judgment procedure was appropriate and that Fire Insurance had no duty to defend or indemnify Basten in the Monfils case.

---

[1] This is an expedited appeal under RULE 809.17, STATS.

■ The sole issue on appeal is whether Fire Insurance followed proper procedure by filing a separate declaratory judgment action on the coverage issue. This issue involves application of the declaratory judgment statute, § 806.04, STATS.,[2] as well as the permissive joinder of parties statute, § 803.04(2)(b), STATS.,[3] to undisputed facts, which is a question of law that we review independently of the trial court's conclusions. *State v.*

[2] Section 806.04(1), STATS., states:

(1) Scope. Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree, except that finality for purposes of filing an appeal as of right shall be determined in accordance with s. 808.03(1).

[3] Section 803.04(2)(b), STATS., reads:

If an insurer is made a party defendant pursuant to this section and it appears at any time before or during the trial that there is or may be a cross issue between the insurer and the insured or any issue between any other person and the insurer involving the question of the insurer's liability if judgment should be rendered against the insured, the court may, upon motion of any defendant in the action, cause the person who may be liable upon such cross issue to be made a party defendant to the action and all the issues involved in the controversy determined in the trial of the action or any 3rd party may be impleaded as provided in s. 803.05. Nothing herein contained shall be construed as prohibiting the trial court from directing and conducting separate trials on the issue of liability to the plaintiff or other party seeking affirmative relief and on the issue of whether the insurance policy in question affords coverage. Any party may move for such separate trials and if the court orders separate trials it shall specify in its order the sequence in which such trials shall be conducted.

*Williams*, 104 Wis. 2d 15, 21-22, 310 N.W.2d 601, 604-05 (1981).

Basten contends that Fire Insurance's only proper course of action to resolve the issue of insurance coverage is to intervene in the underlying lawsuit and then request a bifurcated trial pursuant to § 803.04(2)(b), STATS. We are not persuaded.

Generally, the issue of proper procedure turns on the status of the parties involved. If the insurance coverage involves a party not named in the underlying lawsuit, coverage may be determined by either a bifurcated trial or a separate declaratory judgment action. *See Elliott v. Donahue,* 163 Wis. 2d 1059, 1066 n.3, 473 N.W.2d 155, 159 n.3 (Ct. App. 1991), *rev'd on other grounds,* 169 Wis. 2d 310, 485 N.W.2d 403 (1992). However, if the party seeking a determination of insurance coverage is a named party, a bifurcated trial per § 803.04(2)(b), STATS., is the proper procedure. *Newhouse v. Citizens Sec. Mut. Ins. Co.,* 176 Wis. 2d 824, 836, 501 N.W.2d 1, 6 (1993).

Fire Insurance contends that bifurcating the trial pursuant to § 803.04, STATS., is not the exclusive means by which determinations of insurance coverage can be made. We agree. Section 803.04(2) is a direct action statute that allows the plaintiff to join an insurer as a party to an action. Here, the plaintiff, Monfils, chose not to join Fire Insurance to the action. Although Fire Insurance could have intervened and then moved to bifurcate the trial, instead it sought a separate declaratory judgment on the coverage issue.

The Uniform Declaratory Judgments Act empowers courts to determine, among other issues, certain

legal relations or rights. *See* 3A JAY E. GRENIG & WALTER L. HARVEY, WISCONSIN PRACTICE, CIVIL PROCEDURE, § 604.1 (2d ed. 1994). Declaratory judgment actions are often used in the context of insurance coverage involving nonparty insurers. *See, e.g., Newhouse,* 176 Wis. 2d at 831-32, 501 N.W.2d at 4. Further, a declaratory judgment is a separate action; thus, it may take place in a different circuit court branch due to court scheduling. Because of its status as a nonparty to the underlying personal injury lawsuit, Fire Insurance's filing of a declaratory judgment was not improper procedure.

However, the preferred procedure in determining insurance coverage is the joinder or intervention of all concerned parties, then bifurcation on the coverage and liability issues. *See id.* at 836, 501 N.W.2d at 6. This procedure is consistent with the premise that insurance coverage issues should be resolved within the context of the underlying lawsuit. This premise is supported by *Newhouse v. Citizens Sec. Mut. Ins. Co.,* 170 Wis. 2d 456, 489 N.W.2d 639 (Ct. App. 1992), where we concluded that the injured plaintiff is the real as well as technical adversary of the insurance company; therefore, in general, coverage questions should be resolved within the context of the underlying personal injury case. *Id.* at 466, 489 N.W.2d at 642.

Although intervention and then bifurcation on the coverage issue is the preferred procedure, we cannot say, however, that it is the exclusive procedure when the insurer is not a named party in the underlying tort action. Under these circumstances, where the insurer is not a named party, an action for a declaratory judg-

ment on the coverage issue remains an accepted procedure.

*By the Court.*—Judgment affirmed.