Fire Insurance Exchange, Plaintiff-Respondent,

v.

Dale M. Basten, Defendant-Appellant-Petitioner.

Supreme Court

*No. 94–3377–FT. Oral argument April 3, 1996.—Decided June 20, 1996.*

(Also reported in 549 N.W.2d 690.)

For the defendant-appellant-petitioner there were briefs by *Avram D. Berk, Mary Taylor Lokensgard* and *Robinson, Robinson, Peterson, Berk & Cross*, Appleton and oral argument by *Avram D. Berk*.

For the plaintiff-respondent there was a brief by *Robert N. Duimstra, Joseph J. Beisenstein* and *Menn, Nelson, Sharratt, Teetaert & Beisenstein, Ltd.*, Appleton and oral argument by *Joseph J. Beisenstein*.

JON P. WILCOX, J. The defendant-appellant-petitioner, Dale M. Basten (Basten), comes before this court seeking review of a published decision of the court of appeals, *Fire Ins. Exchange v. Basten*, 195 Wis. 2d 260, 536 N.W.2d 150 (Ct. App. 1995), which affirmed a declaratory judgment finding that the plaintiff-respondent, Fire Insurance Exchange (Fire Insurance), had no duty to defend or indemnify Basten in a wrongful death lawsuit brought against him. The court of appeals concluded that because of its status as a non-party to the underlying personal injury action, Fire Insurance's filing of a declaratory judgment action was not improper procedure. *Id.* at 266.

The case before us involves an insurer's use of the declaratory judgment proceeding to construe a liability policy where there are legitimate questions of coverage arising under the policy issued for the protection of the insured. On review before this court, Basten raises two issues for our consideration. First, in seeking a determination of coverage under a liability insurance policy, may a non-party insurer bring a separate declaratory judgment action against its insured pursuant to Wis. Stat. § 806.04[1] (1993-94)[2], rather than pursuing resolution of the coverage dispute through intervention in

---

[1] Section 806.04(1) provides as follows:

(1) Scope. Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree, except that finality for purposes of filing an appeal as of right shall be determined in accordance with s. 808.03(1).

[2] All future references to Wis. Stats. will be to the 1993-94 version of the statutes unless otherwise indicated.

the underlying action to which its insured is a party defendant? We conclude, as did the court of appeals, that intervention in the underlying lawsuit followed by a request for a bifurcated trial, pursuant to Wis. Stat. § 803.04(2)(b),[3] is not the exclusive means by which to seek a coverage determination. If the insurance coverage involves a party *not named* in the underlying lawsuit, coverage may be determined by utilization of either a bifurcated trial or a separate declaratory judgment action. We therefore agree with the court of appeals' resolution of this issue.

The second issue on this review requires us to consider whether declaratory relief was proper when neither the plaintiffs nor any of the other defendants in the underlying personal injury action were joined as parties, under Wis. Stat. § 806.04(11)[4], to the declara-

---

[3] Section 803.04(2)(b) provides as follows:

If an insurer is made a party defendant pursuant to this section and it appears at any time before or during the trial that there is or may be a cross issue between the insurer and the insured or any issue between any other person and the insurer involving the question of the insurer's liability if judgment should be rendered against the insured, the court may, upon motion of any defendant in the action, cause the person who may be liable upon such cross issue to be made a party defendant to the action and all the issues involved in the controversy determined in the trial of the action or any 3rd party may be impleaded as provided in s. 803.05. Nothing herein contained shall be construed as prohibiting the trial court from directing and conducting separate trials on the issue of liability to the plaintiff or other party seeking affirmative relief and on the issue of whether the insurance policy in question affords coverage. Any party may move for such separate trials and if the court orders separate trials it shall specify in its order the sequence in which such trials shall be conducted.

[4] Section 806.04(11) provides as follows:

Parties. When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be

tory judgment proceeding. We conclude that although the declaratory judgment action was a proper procedure for contesting coverage, the Monfils plaintiffs were required to be joined in the separate declaratory judgment proceeding as an interested party under Wis. Stat. § 806.04(11). In the event that the joining of multiple parties to the action will result in duplicate proceedings, the circuit court judge, in the exercise of his or her discretion, should order that the actions be consolidated in accordance with Wis. Stat. § 805.05. Because all interested parties were not joined in the declaratory relief action, the decision of the court of appeals is reversed.

## I.

For purposes of this review, the facts are not in dispute. On May 26, 1993, a wrongful death lawsuit was commenced against Basten and six other men in Brown County Circuit Court by the Estate of Thomas Monfils and his surviving spouse and children. Fire Insurance was not a named party in the lawsuit. The Monfils' action sought compensatory and punitive damages against the defendants, jointly and severally. The case was assigned to the Honorable Richard Greenwood, Branch I.

In June 1993, Basten tendered the defense of this suit to his homeowner's insurance carrier, Fire Insurance. The insurer refused to defend Basten under a reservation of rights or in any other manner, and similarly rejected his request to pay for the costs of his defense. Instead, Fire Insurance initiated a separate declaratory judgment action against Basten to seek judicial resolution of the insurance coverage issue,

---

affected by the declaration, and no declaration may prejudice the right of persons not parties to the proceeding.

which was assigned to another branch of the Brown County Circuit Court.[5]

A hearing was held on September 16, 1994, during which time the Honorable William Atkinson considered the briefs of the parties as well as oral arguments. The circuit court found that the declaratory judgment procedure was appropriate in this case and held that Fire Insurance had no duty to defend or indemnify Basten in the Monfils case. The circuit court found that the declarations in the complaint and the amended complaint alleged intentional torts, and that the allegations made in the amended complaint did not constitute "occurrences" within the meaning of Fire Insurance's policy. The court also concluded that the policy contained an exclusion for intentional acts and for punitive or exemplary damages or the cost of defense related to such damages, and that no reasonable person would expect the subject insurance policy to provide coverage for the damages resulting from the intentional acts alleged in the amended complaint. Judgment was entered in accordance with the bench decision on November 9, 1994, and Basten appealed.

In June 1995, the court of appeals issued its decision affirming the judgment in favor of Fire Insurance. The issue before the court was whether Fire Insurance had followed proper procedure by filing a separate declaratory judgment action on the question of coverage, or whether they should have moved to intervene and seek a bifurcated trial under the permissive joinder of parties statute, Wis. Stat. § 803.04(2)(b). *Fire Ins. Exchange*, 195 Wis. 2d at 264. The court of appeals

---

[5] In contrast, the remaining insurance companies of all but one of the other defendants, named parties in the wrongful death lawsuit, moved to intervene and sought a bifurcated trial on the coverage issue, in accordance with Wis. Stat. § 803.04.

rejected Basten's contention that the declaratory judgment action brought by Fire Insurance was improper procedure. Basten had argued that Fire Insurance's only proper course of action to resolve the issue of insurance coverage was to intervene in the underlying lawsuit and request a bifurcated trial. *Id.* at 265.

The court of appeals held otherwise, noting that the proper procedural approach in each case would be determined by the status of the parties. *Id.* The court agreed that if the party seeking a determination of coverage is a named party in the underlying lawsuit, a bifurcated trial is the proper procedure to be incorporated. *Id.*; *see Newhouse v. Citizens Sec. Mut. Ins. Co.*, 176 Wis. 2d 824, 836, 501 N.W.2d 1 (1993). However, the court further held that bifurcating the trial pursuant to Wis. Stat. § 803.04 was not the exclusive means by which to seek coverage determinations, stating: "[i]f the insurance coverage involves a party not named in the underlying lawsuit, coverage may be determined by either a bifurcated trial or a separate declaratory judgment action." *Fire Ins. Exchange*, 195 Wis. 2d at 265 (citing *Elliott v. Donahue*, 163 Wis. 2d 1059, 1066 n.3, 473 N.W.2d 155 (Ct. App. 1991), *rev'd on other grounds*, 169 Wis. 2d 310, 485 N.W.2d 403 (1992)). Due to the fact that Fire Insurance was not a named party in the Monfils' underlying tort action involving Basten and the others, the appellate court concluded that the filing of a declaratory judgment action remained an accepted procedure. *Id.* at 266.

██

This case requires the court to interpret the declaratory judgment statute, Wis. Stat. § 806.04, as well as the permissive joinder of parties statute, Wis. Stat. § 803.04(2)(b), and apply them to a set of undisputed facts. As such, a question of law is presented, and these

issues are reviewed independently by this court without deference to the decisions of the circuit or appellate courts. *Millers Nat'l Ins. Co. v. City of Milwaukee*, 184 Wis. 2d 155, 164, 516 N.W.2d 376 (1994); *State v. Williams*, 104 Wis. 2d 15, 21-22, 310 N.W.2d 601 (1981).

## II.

The first issue that we address is whether Fire Insurance followed proper procedure by filing a separate declaratory judgment action on the coverage issue. Basten renews his argument before this court that a declaratory judgment action separate from an underlying civil suit is an inappropriate method of determining coverage under an insurance policy. He claims that Fire Insurance's only proper course of action to resolve the issue of insurance coverage is to intervene in the underlying lawsuit and then request a bifurcated trial pursuant to Wis. Stat. § 803.04(2)(b). We disagree.

Basten contends that Wisconsin courts have established a clear line of precedent requiring an insurance carrier to seek a bifurcated trial in the underlying lawsuit when the issue of coverage is contested. He directs this court to our decision in *Newhouse*, as representative of one of the more recent discussions involving an insurer's role when this issue arises. In *Newhouse*, a case involving an insurer's alleged breach of its duty to defend its insured, we recalled that:

> In [*Elliott v. Donahue*, 169 Wis. 2d 310, 485 N.W.2d 403 (1992)], we clearly stated that the proper procedure for an insurance company to follow when coverage is disputed is to request a bifurcated trial on the issues of coverage and liability and move to stay any proceedings on liability until the issue of coverage is resolved. *Id.* When this procedure is fol-

82

lowed, the insurance company runs no risk of breaching its duty to defend.

*Newhouse*, 176 Wis. 2d at 836. Focusing on the conduct of the named insurer in the *Newhouse* case, we concluded that Citizen's Security Mutual had failed to follow the proper procedure when it declined to accept the circuit court's offer to stay the liability trial until the appeal on the coverage issue was final, noting that "[i]n cases where a coverage decision is not final before the trial on liability and damage occurs, the insurance company must provide a defense to its insured." *Id.* at 837 (citing *Elliott*, 169 Wis. 2d at 318; *Mowry v. Badger State Mut. Cas. Co.*, 129 Wis. 2d 496, 528-29, 385 N.W.2d 171 (1986)).

Our conclusion in *Newhouse* upheld that portion of the appellate court's decision in *Newhouse v. Citizens Security Mut. Ins. Co.*, 170 Wis. 2d 456, 489 N.W.2d 639 (Ct. App. 1992), *rev'd on other grounds*, 176 Wis. 2d 824, 836, 501 N.W.2d 1 (1993) in which the court recognized that "Wisconsin has long held that a separate and independent declaratory judgment action is not the proper method for resolution of insurance coverage issues." *Newhouse*, 170 Wis. 2d at 466 (citing *New Amsterdam Cas. Co. v. Simpson*, 238 Wis. 550, 555, 300 N.W. 367 (1941) (disapproving of the use of separate declaratory judgment actions where underlying personal injury suit is threatened or pending), and *Allstate Ins. Co. v. Charneski*, 16 Wis. 2d 325, 331, 114 N.W.2d 489 (1962) (encouraging the use of the bifurcated trial procedure on the issue of whether coverage existed under the insurance contract)).[6] Although Basten

---

[6] *See also Kenefick v. Hitchcock*, 187 Wis. 2d 218, 522 N.W.2d 261 (Ct. App. 1995), in which the appellate court observed that:

directs us to a host of authority which supports his contention that this court has explicitly endorsed the utilization of the bifurcated trial under Wis. Stat. § 803.04(2)(b) when coverage is disputed, we are not convinced, however, that bifurcation is the only proper means of resolving the coverage issue, as Basten contends.

Fire Insurance concedes, as it must, that this court has explicitly advocated the use of a bifurcated trial where the insurer is a named party in the underlying lawsuit, *see Newhouse*, 176 Wis. 2d at 836. However, they contend that bifurcation is not the exclusive means by which determinations of insurance coverage can be made, and although Basten raises legitimate concerns regarding the maintenance of such a procedure, the facts of this particular case do not require Fire Insurance to undertake this familiar route.

Instead, Fire Insurance argues that the Uniform Declaratory Judgments Act, Wis. Stat. § 806.04, provides clear procedural authority for the circuit court action initiated against Basten in the present case. The philosophy which underlies the Act is to enable controversies of a justiciable nature to be brought before the courts for settlement and determination, affording relief from uncertainty and insecurity, and thus, Wis. Stat. § 806.04(1) equips courts with the "power to declare rights, status, and other legal relations" which "declaration may be either affirmative or negative in

> The rule has thus developed that an insurer who has a duty to defend . . . and who claims that the terms of the policy deny coverage for the incident forming the basis of the suit, must take steps to seek and obtain a bifurcated trial—litigating coverage first and obtaining a stay of all proceedings in the liability and damage aspects of the case until coverage, or lack of coverage, is determined.

*Id.* at 232-33 (citing *Elliott*, 169 Wis. 2d at 318).

form and effect." *See also*, 3A Jay E. Grenig & Walter L. Harvey, *Wisconsin Practice, Civil Procedure*, § 604.1 (2d ed. 1994). "The purpose [of the Act] is facilitated by authorizing a court to take jurisdiction at a point earlier in time than it would do under ordinary remedial rules and procedures. As such, the Act provides a remedy which is primarily anticipatory or preventative in nature." *Lister v. Board of Regents*, 72 Wis. 2d 282, 307, 240 N.W.2d 610 (1976) (citing *Borden Co. v. McDowell*, 8 Wis. 2d 246, 99 N.W.2d 146 (1959)). Moreover, "[a]ny person interested under a . . . written contract . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status or other legal relations thereunder." Wis. Stat. § 806.04(2).

Fire Insurance contends that in addition to statutory authority, Wisconsin case law supports the proposition that insurance coverage questions may be raised and resolved through declaratory judgment actions, particularly under the factual pattern presented by this case. In *Hardware Mut. Cas. Co. v. Hartford Accident & Indem. Co.*, 6 Wis. 2d 457, 95 N.W.2d 215 (1959), this court upheld an insurer's utilization of a declaratory judgment action to determine a coverage issue under a liability policy. The insurer in the *Hardware* case, not named in the underlying personal injury action, received a tender of defense from its insured, the city of Stevens Point. Hardware Mutual took the position that its policy did not cover either the operation of the schools or the specific risk out of which the accident arose, and thereafter commenced an action for declaratory judgment. The circuit court agreed with the insurers coverage opinion, holding that neither of the two policies issued to the school district required the insurer to provide a defense to its insured.

On review before this court, we similarly held that the policies did not require Hardware Mutual to insure the school in the action for damages, thereby affirming the declaratory judgment findings of the lower court. *Id.* at 219-20.[7]

This court's decision in *Iowa Nat'l Mut. Ins. Co. v. Liberty Mut. Ins. Co.*, 43 Wis. 2d 280, 168 N.W.2d 610 (1969) endorsed an insurer's use of a declaratory judgment action when seeking a declaration of its rights under a liability policy in respect to defending a pending lawsuit against its insured. The *Iowa* case involved a federal lawsuit initiated by Liberty against a party insured by Iowa National. Iowa National originated an action in circuit court for declaratory relief under the liability policy in question, arguing that it had no duty to defend the liability suit as its insured had not tendered the defense in a timely manner. *Id.* at 286. This court found that a justiciable issue did in fact exist, entitling Iowa National to an adjudication of rights forthcoming under the policy. *Id.* at 287. In so doing, we rejected the insured's assertion that a determination of liability must precede declaratory relief as to the duty to defend in the underlying lawsuit. *Id.* at 287-89. To the contrary, we stated that "[a]ll the facts needed to determine if Iowa has a duty to defend have occurred. We think the question should be decided now." *Id.* at 289.

In upholding the appropriateness of the insurer's use of the declaratory relief procedure, in light of the given facts in the case, we noted simply that "[d]enial of declaratory relief would prolong the conflict—a decla-

---

[7] *See also Allstate Ins. Co. v. Gifford*, 178 Wis. 2d 341, 504 N.W.2d 370 (Ct. App. 1993) (permitting declaratory judgment action by insurer to seek declaration of liability under insurance contract).

ration of rights would terminate it." *Id.* at 290. Fire Insurance claims that a justiciable issue exists under the factual posture of the present case, in which it was not a named party and where the complaint alleges only intentional acts, thereby warranting application of declaratory relief under Wis. Stat. § 806.04.

We further consider a recent appellate court decision regarding the propriety of declaratory judgment actions in *Atlantic Mut. Ins. Co. v. Badger Medical Supply Co.*, 191 Wis. 2d 229, 528 N.W.2d 486 (Ct. App. 1995). In *Atlantic Mutual*, General Medical brought an action against Badger Medical and a former employee alleging breach of a noncompete agreement. Badger Medical tendered the defense of the suit to its insurer, Atlantic Mutual, which denied coverage and refused to defend. *Id.* at 234. Atlantic Mutual subsequently filed a declaratory judgment action, requesting a coverage declaration that it had no duty to defend or indemnify Badger Medical or pay its defense fees. *Id.* at 235. Both parties filed cross motions for summary judgment, with Badger Medical contending that the offense of "misappropriation of advertising ideas or style of doing business" triggered a duty to defend under the policy. The circuit court denied Badger Medical's motion, while granting the motion of Atlantic Mutual. *Id.*

On review, the appellate court discussed the policy language in question and concluded that the nature of the allegations in the complaint, the triggering point for an insurer's duty to defend,[8] did not contain actions

---

[8] *See Newhouse*, 176 Wis. 2d at 834-35, where we remarked:

An insurance carrier's duty to defend [sic] insured . . . is predicated on the allegations in a complaint which, if proved, would give rise to recovery under the terms and conditions of the insurance policy. The duty of defense depends on the nature of the claim and has nothing to do with the merits of the claim. If there

for either misappropriation of style of doing business or misappropriation of advertising ideas. Thus, Atlantic Mutual's policy did not cover the claim against Badger Medical. *Id.* at 243. The court of appeals therefore concluded that Atlantic Mutual had no duty to indemnify Badger Medical nor a duty to defend against the impending civil suit, thereby affirming the declaratory relief granted by the circuit court. *Id.*

Additional support for Fire Insurance's argument that bifurcation is not the exclusive means by which determinations of insurance coverage can be made is found in the appellate court's decision in *Grube v. Daun*, 173 Wis. 2d 30, 496 N.W.2d 106 (Ct. App. 1992) where the court noted that "[t]here are several procedures insurers can use to raise the coverage issue and thus retain their right to challenge coverage . . . . [T]he insurer could request a bifurcated trial or a declaratory judgment so that the coverage issue would be addressed separately by a court." *Id.* at 75. The basis for the *Grube* court's conclusion is derived from language expressed in *Elliott*, wherein the appellate court recognized that "the statutes provide an insurer with several methods of reducing the cost of defense until the coverage issue is resolved." *See Elliott*, 163 Wis. 2d at 1066. Referring specifically to the statutes, the court noted:

is any doubt about the duty to defend, it must be resolved in favor of the insured. If the insurance company refuses to defend, it does so at its own peril. Indemnification and defense for claims falling within the parameters of the insurance policy are the two primary benefits received by the insured from a contract of insurance.

(citing *Elliott*, 169 Wis. 2d at 320-21) (citations omitted); *Grieb v. Citizens Casualty Co.*, 33 Wis. 2d 552, 557-58, 148 N.W.2d 103 (1967).

88

> Section 803.04(2)(b) permits bifurcation of the issues or the insurer can seek a declaratory judgment on the issue of coverage under sec. 806.04, Stats. If separate trials are granted the insurer can seek early resolution of the question through a motion for judgment on the pleadings, sec. 802.06(3), Stats., or summary judgment, sec. 802.08, Stats.

*Id.* at 1066 n.3.

The fact that Fire Insurance was not a named party in the underlying lawsuit is a determinative factor in the present case. Wis. Stat. § 803.04(2)(b), the direct action statute, allows a plaintiff, such as the Monfils, to join an insurer as a party to the underlying tort action. The plaintiff, however, chose not to join Fire Insurance to the wrongful death action. Rather than intervening and seeking a bifurcated trial, Fire Insurance sought to resolve the coverage issue through a separate declaratory judgment action. The issue before us today is whether or not this procedural route was proper. We conclude that it was.

■

The appellate court in this case observed that the joinder or intervention of all concerned parties followed by bifurcation of the coverage and liability issues, under Wis. Stat. § 803.04(2)(b), is the preferred procedure to determine insurance coverage.[9] We do not

---

[9] Discussing the role of an insurer contesting coverage via intervention and bifurcation, the appellate court stated that:

> This procedure is consistent with the premise that insurance coverage issues should be resolved within the context of the underlying lawsuit. This premise is supported by *Newhouse v. Citizens Mut. Ins. Co.*, 170 Wis. 2d 456, 489 N.W.2d 639 (Ct. App. 1992), where we concluded that the injured plaintiff is the real as well as the technical adversary of the insurance company; therefore, in general, coverage questions should be resolved within the

disagree with this proposition, and in fact, explicitly endorse its continued widespread use in cases involving coverage disputes under a contract of insurance. However, despite Basten's reference to precedent of this court supporting this position, we cannot conclude that intervention and bifurcation is the exclusive means by which an insurer may seek a coverage determination. Wis. Stat. § 806.04 and Wisconsin case law provide well-defined authority for the procedural alternative selected by Fire Insurance in seeking resolution of the coverage issue. Thus, we conclude that where the insurance coverage involves a party not named in the underlying lawsuit, coverage may be determined by utilization of either a bifurcated trial or a separate declaratory judgment action. We therefore agree with the court of appeals' resolution of this issue.

## III.

We now turn to the issue of whether the plaintiffs and co-defendants in the underlying action were required to be made parties to the separate declaratory judgment proceeding under Wis. Stat. § 806.04. The declaratory judgment action, as prescribed under subsection eleven, mandates that all persons who have or claim any interest which could be affected by the grant of declaratory relief must be made parties to the declaratory judgment action. *See supra*, note 4. The focus of this inquiry requires an identification of who those

context of the underlying personal injury case. *Id.* at 466, 489 N.W.2d at 642.

*Fire Ins. Exchange*, 195 Wis. 2d at 266; *see also, New Amsterdam Cas. Co. v. Simpson*, 238 Wis. 550, 300 N.W. 367 (1941), and *Allstate Ins. Co. v. Charneski*, 16 Wis. 2d 325, 114 N.W.2d 489 (1962).

"interested parties" are for purposes of the declaratory relief proceeding.

Basten argues that a separate declaratory judgment action does not properly address the concerns of all potential adversaries of the insurer, as the statute speaks of "interests," not "rights," and the interest need not be claimed in order to exist. Basten contends that the omission of the Monfils plaintiffs and co-defendants as interested parties has resulted in the loss of a potential claim against Fire Insurance without the opportunity to participate in the proceeding.

Fire Insurance, on the other hand, maintains that because the insurance agreement is between Basten and itself, the others do not have a right or interest under the policy. Moreover, Fire Insurance notes that the plaintiff's tort action against Basten is unaffected by the question of whether Basten has or does not have insurance coverage for Monfils' alleged wrongful death, and therefore, the other parties have no interest in the outcome of the declaratory action. Furthermore, Fire Insurance contends that the plaintiffs and co-defendants have not claimed any right or interest under the terms of the policy, as they have alleged only intentional acts, not covered by any type of liability insurance. However, Fire Insurance's contention that Basten has simply confused actual recovery on the part of the Monfils plaintiffs and co-defendants with the right of such recovery, is contrary to precedent of this court.

In *Hardware Mut. Casualty Co. v. Mayer*, 11 Wis. 2d 58, 104 N.W.2d 148 (1960), *reh'g denied*, 11 Wis. 2d 58, 105 N.W.2d 322, a case factually similar to the one at hand, this court addressed the issue of proper parties to a declaratory judgment action. An employee had brought an action against his employer to recover dam-

ages for an injury he suffered in the course of his employment on a farm. The employer's insurer, Hardware Mutual, not a named party in the underlying action, sought a declaration of its rights and obligations under the policy issued to the employer. The insurer claimed that the policy did not afford coverage to the employer for the particular accident which resulted in the employee's injuries.

After reviewing the terms of the insuring agreement and the facts as presented, this court concluded that Hardware Mutual's liability policy did not provide coverage to the employer and reversed the judgment of the lower court. *Id.* at 69. However, for our purposes here today, we examine the second prong of the court's decision in which it found that the employee was both a proper and necessary party to the action for declaratory judgment under Wis. Stat. § [806.04(11)], observing:

> While it is true . . . that a judgment in favor of [the employee] against [the employer] in his [underlying] tort action would not depend in any way on [the employer's] insurance coverage, the amount of [the employee's] recovery upon the judgment may depend very materially upon the coverage. In the unhappy event that a judgment rendered in favor of [the employee] in the tort action should prove uncollectible from [the employer], we are confident that [the employee] would discover that he had had a very pressing interest in establishing that the [insurer's] policy is applicable to his accident. Therefore, [the employee] should be heard upon the question and have the opportunity to present testimony and argument to sustain the coverage. He recognizes sufficient interest presently to submit a

brief jointly with [the employer] in support of the judgment, including the issue of coverage. We consider [the employee] is both a proper and necessary party to the action for declaratory judgment.

*Id.* at 69a-b. Thus, the *Hardware Mutual* decision establishes that those parties in the underlying action, who have made a claim against the insured, and whose actual recovery on a judgment may be affected by a separate coverage determination, are "interested persons" under the statute and are required to be made parties to the declaratory judgment action, even though their right to recover from the insured is not at issue.

We further consider a decision of the state supreme court in Oregon, which discussed the propriety of joining potential third party claimants to a declaratory judgment proceeding. *See State Farm Fire & Cas. Co. v. Reuter*, 657 P.2d 1231 (Or. 1983), *rev'd on other grounds*, 700 P.2d 236 (Or. 1985). In *State Farm*, a rape victim [Bullen] brought a civil action against the rapist [Reuter] for damages resulting from the attack. Defense of the action was tendered to State Farm, as the homeowner's liability insurer, under which Reuter's parents were the named insureds. State Farm initiated a declaratory judgment action, claiming that coverage did not exist under the insuring agreement. The Oregon Supreme Court concluded that the victim was properly made a party to the declaratory relief proceedings despite allegations in the complaint involving an intentional tort, stating:

Bullen has claims which may, and probably will, be vitally affected by the declaration in this case, for if she recovers judgment against Reuter, she will have the right to compel the plaintiff [State Farm] to pay

93

the judgment unless in some proceeding binding on Bullen the plaintiff [State Farm] establishes its nonliability as insurer at the time of the rape. Were Bullen not made a party herein, the declaration sought by plaintiff [State Farm] could not be asserted to the prejudice of Bullen's rights. Consequently, third party damage claimants, such as the victim in this case, are proper parties.

*Id.* at 1234.[10]

In the case before us, Fire Insurance did not name the Monfils plaintiffs nor the co-defendants in the underlying tort action as parties to the declaratory judgment proceeding, relying on its own contention that the complaint alleged only intentional acts, not covered under the express terms of the insurance contract with Basten. However, the determination of who is an "interested person" to the declaratory proceedings cannot logically be based upon the insurer's contentions as to the allegations contained in the complaint, as Fire Insurance sought to do in the present case. For that is the purpose of the judicial proceeding—to determine if coverage exists under the policy.

We hold that when an insurer, not named in the underlying lawsuit, seeks a judicial declaration of its

_____

[10] *See also Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273-74 (1941) (wherein the United States Supreme Court held that in an action by an insurer to determine its liability under a liability insurance policy, third parties asserting claims against the insured are proper parties); *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 658 (10th Cir. 1946) (holding that third parties asserting liability against an insured under a liability policy are proper parties to a declaratory judgment proceeding, although their claims against the insurer are contingent upon recovery of a judgment against the insured).

rights and obligations under a contract of insurance in accord with Wis. Stat. § 806.04, the plaintiff and any other party who has brought a claim against the insured in the underlying lawsuit, is an "interested person" for purposes of Wis. Stat. § 806.04(11) and required to be made a party to the separate declaratory judgment proceeding. In identifying those parties whose presence during the relief action is mandatory, the circuit court must also consider whether the result of joining these parties will lead to the occurrence of duplicate proceedings growing out of the same transaction and involving similar issues. If such parallel proceedings will result, the court, in order to alleviate the potential for inconsistent determinations and multiplicity of suits, should order that the actions be consolidated in accordance with Wis. Stat. § 805.05[11] so as to avoid unnecessary costs or delay in the interest of judicial economy. The question of consolidation of actions is one that is reserved for the sound discretion of the circuit court, *see Keplin v. Hardware Mut. Cas. Co.*, 24 Wis. 2d 319, 129 N.W.2d 321, *reh'g denied*, 24 Wis. 2d 319, 130 N.W.2d 3 (1964), and *Braun v. Wiscon-*

---

[11] Section 805.05 provides in relevant part:

**(1)** Consolidation. (a) When actions which might have been brought as a single action under s. 803.04 are pending before the court, it may order a joint hearing or trial of any or all of the claims in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs of delay.

(b) When actions which might have been brought as a single action under s. 803.04 are pending before different courts, any such action may be transferred upon motion of any party or of the court to another court where the related action is pending. A conference involving both judges and all counsel may be convened on the record as prescribed by s. 807.13(3). Transfer under this paragraph shall be made only by the joint written order of the transferring court and the court to which the action is transferred.

*sin Elec. Power Co.*, 6 Wis. 2d 262, 94 N.W.2d 593 (1959), and we expressly endorse its continued widespread use in cases such as the one before us.

The consolidation of the coverage issue with the underlying lawsuit is simply a prudent policy designed to eliminate the inefficiency of conducting separate trials in multiple courts, as well as simplifying the work of the circuit court. It must be utilized whenever practical, as its proper employment can facilitate possible settlements, reduce spurious lawsuits, and perhaps more importantly, advance the court's recognized interest in expediting litigation and decreasing its spiraling expense. *See Whalen v. Eagle Lime Products Co.*, 155 Wis. 26, 143 N.W. 689 (1913). Only in rare cases where substantially dissimilar issues and different transactions are present would we not seek to have consolidation ordered by the circuit court, as the maintenance of separate trials remains both a costly and imprudent procedure.

We now turn to an examination of the facts of this case in light of the foregoing. Similar to the result reached in *Hardware Mutual*, the Monfils plaintiff's recovery upon a potential judgment against Basten may depend very materially upon the coverage afforded to him by Fire Insurance, and thus, the plaintiffs must be heard upon the question, as they clearly would have a pressing interest in establishing the applicability of the policy to the underlying tort action. The inclusion of the plaintiffs in the separate declaratory relief proceeding strikes a balance between the competing interests of the insurer on the one hand, and the third party claimant asserting an action against the insured on the other, while eliminating the risk of inconsistent determinations in multiple courts. As

96

such, we find that the Monfils plaintiffs were required to be joined as a party to Fire Insurance's action for declaratory relief regarding the issue of coverage under the contract of insurance.[12]

██

We therefore conclude that although the declaratory judgment action is a proper procedure for contesting coverage in limited circumstances, the plaintiff and any other party in the underlying lawsuit who has brought a claim against the insured are required to be joined in the separate declaratory judgment proceeding as interested parties under Wis. Stat. § 806.04(11). The circuit court failed to properly join the necessary parties to Fire Insurance's action for declaratory relief, and therefore, the decision of the court of appeals is reversed.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded.

[12] While we recognize that the co-defendants may possess a similar interest in the issue of insurance coverage, namely, for purposes of contribution, we conclude that they were not required to be joined as parties to the declaratory judgment action initiated by Fire Insurance, as they had not as yet brought claims against the insured in the underlying lawsuit, when the declaratory relief action was initiated.